A02A0145. GROSSMAN v. BROWN & WEBB BUILDERS, INC. et al.
(567 SE2d 116)

RUFFIN, Judge.

Robert Grossman sued Brown & Webb Builders, Inc. ("Brown & Webb") for breach of contract, negligence, breach of warranty, fraud, and negligent misrepresentation relating to the installation of synthetic stucco on his newly constructed home. Brown & Webb moved

---

[16] See *Cunningham v. State*, 244 Ga. App. 231, 233 (1) (535 SE2d 262) (2000).

for summary judgment on all counts, and the trial court granted the motion. On appeal, Grossman challenges only the trial court's ruling as to his breach of express warranty claim.[1] Finding no error, we affirm.

To succeed on summary judgment, the moving party must demonstrate that no genuine issues of material fact remain and that the evidence, construed in the light most favorable to the nonmoving party, warrants judgment as a matter of law.[2] Viewed in this manner, the record shows that, on September 21, 1993, Grossman contracted to purchase a new home constructed by Brown & Webb. The parties executed a new construction purchase and sale agreement, which provided, in part, that "[a]t closing, or a reasonable time thereafter, [Brown & Webb] will provide to [Grossman] a One Year Warranty on the improvements." Exhibit A to the contract further stated:

> [Brown & Webb] agrees to deliver to [Grossman], at closing or within a reasonable time thereafter, a One Year warranty for the Property, and [Grossman] agrees to accept the aforementioned warranty. [Brown & Webb] disclaims any and all implied warranties of merchantability and fitness or habitability as to the Property and in the place of such warranties . . . is the warranty described above as the sole warranty being given by [Brown & Webb] to [Grossman. Grossman] agrees that [Brown & Webb] shall not be liable for any defects not specifically provided for in the warranty described above.

The parties closed the sale on November 19, 1993. Over the next 12 months, Grossman submitted numerous written requests to Brown & Webb to repair various problems with the house. According to Grossman, he also spoke with Brown & Webb by telephone about needed repairs "during the first year after closing, and afterward." Brown & Webb attempted to remedy the reported problems.

In 1997 or 1998, Grossman noticed that 12 to 15 windows in his home had broken seals or rotten sills. He hired several home inspectors and learned that the synthetic stucco — also referred to as the Exterior Insulation and Finish System — had been improperly applied to the house. One inspector testified that this incorrect application had damaged the house and that Grossman's repair requests

---

[1] Grossman also sued Precision Plastering, Inc. ("Precision"), the company that applied the synthetic stucco. Precision moved for summary judgment, which the trial court granted. Because Grossman does not challenge that ruling on appeal, we will not address it here.

[2] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

to Brown & Webb "should have placed [the builder] on notice of the deficiencies in the [synthetic stucco]."

Grossman sued Brown & Webb on July 19, 2000, alleging, among other things, that Brown & Webb breached its express warranty relating to the home. Brown & Webb moved for summary judgment, arguing initially that the statute of limitation barred all of Grossman's claims. Grossman countered that he timely filed his claim that Brown & Webb breached the one-year written warranty referenced in the sales contract. In response, Brown & Webb noted that the record contained no evidence of this warranty or its terms. According to Brown & Webb, because Grossman did not make the warranty agreement part of the record, the trial court could not "examine the terms of the warranty, [determine] whether the warranty was breached, nor scrutinize any particular provision which may or may not have been satisfied by the builder."

The trial court agreed with Brown & Webb, finding that it could not consider whether the builder breached this one-year written warranty because the record lacked evidence that this warranty, in fact, existed. The court noted that, although the sales contract referenced an intention to create a one-year warranty, Grossman did not present evidence that Brown & Webb actually delivered a written warranty to him. Thus, the court concluded, "[w]ithout any evidence as to what would have been covered by a warranty and the notice provisions that [would] have been applicable, there is no way for the Court to determine the existence of or date of a breach."

1. Grossman first argues that Brown & Webb failed to pierce his pleadings on summary judgment with respect to his written warranty allegation. In Grossman's view, because Brown & Webb neglected to offer evidence relating to this claim, the builder did not meet its summary judgment burden, and the burden of producing evidence never shifted to him. He similarly argued below that Brown & Webb's summary judgment pleadings were insufficient because it "put forward no evidence that there was no warranty."

We disagree. A defendant who does not bear the burden of proof at trial need not produce evidence or disprove the plaintiff's claim on summary judgment.[3] Rather, the defendant meets its summary judgment burden "by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the [plaintiff's] case."[4] Brown & Webb did just that, asserting that the record lacked evidence of the one-year warranty on which Grossman based his express warranty claim. The

---

[3] See id.
[4] Id.

burden thus shifted to Grossman to "point to specific evidence giving rise to a triable issue" on this claim.[5]

2. On appeal, Grossman admits that the written warranty does not appear in the record, and he has cited no testimony relating to the warranty, its delivery, or its terms. Even Grossman's own affidavit fails to mention a one-year written warranty. Nevertheless, he argues that the record contains sufficient evidence of this written warranty to create a factual issue and defeat summary judgment. Specifically, he asserts that (1) the sales contract includes two references to the one-year warranty, (2) he made numerous repair requests to Brown & Webb during the year following closing, and (3) Brown & Webb attempted repairs on several occasions.

Pretermitting whether this circumstantial evidence raises questions of fact regarding the warranty's *existence*, it sheds no light on the terms of the warranty, which are critical to Grossman's claim. Under the purchase and sale agreement, Brown & Webb was liable only for defects described in the warranty. Without some evidence of the warranty's terms, we do not know which defects fell within the warranty. Furthermore, Grossman's written repair requests do not mention the one-year written warranty. Instead, they refer to "punch lists," "repair lists," or "items requiring attention." The requests thus provide no evidence that these repairs were sought and performed under the alleged written warranty, and they offer no insight into the warranty's terms.

We recognize that reasonable evidentiary inferences can raise a sufficient issue of material fact to preclude summary judgment.[6] A party, however, cannot avoid summary judgment by citing "[a]n inference based on mere possibility, conjecture, or speculation."[7] Here, nothing in the record sets forth the terms of the written warranty. The evidence simply does not raise a question of fact as to what the written warranty covered, and it is impossible to infer that the terms of this warranty might have been breached.[8] Accordingly, the trial court properly granted Brown & Webb summary judgment on Grossman's breach of express warranty claim.[9]

---

[5] Id.

[6] See *Patrick v. Macon Housing Auth.*, 250 Ga. App. 806, 809 (552 SE2d 455) (2001).

[7] Id. See also *John Hewell Trucking Co. v. Brock*, 239 Ga. App. 862, 864 (522 SE2d 270) (1999) (" 'Guesses or speculation which raise[s] merely a conjecture or possibility [is] not sufficient to create even an inference of fact for consideration on summary judgment.' ").

[8] Cf. *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 4 (2) (542 SE2d 121) (2000) (questions of fact regarding whether parties complied with terms of written warranty were raised by *copy of warranty in the record*, which, Court assumed for purposes of appeal, was identical to warranty the claimants allegedly received from builder); *Jordan v. Lamberth, Bonapfel &c.*, 206 Ga. App. 178, 180 (2) (424 SE2d 859) (1992) (terms of agreement in breach of contract action established by unrebutted affidavit).

[9] See *Mooney v. Mooney*, 245 Ga. App. 780, 782 (538 SE2d 864) (2000) (" '[T]he party asserting the existence of a contract has the burden of proving . . . its terms.' ").

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 19, 2002.

Charles F. Peebles, Kennon Peebles, Jr., for appellant.
Downey & Cleveland, George L. Welborn, David T. Markle, for appellees.