A04A0869. HOME DEPOT U. S. A., INC. v. MILLER.
(603 SE2d 80)

JOHNSON, Presiding Judge.

The question in this breach of express warranty and unfair business practices case is whether the trial court erroneously denied a defense motion for summary judgment. Because we find no genuine issues of material fact, we hold that the trial court did err in denying the motion.

Summary judgment shall be rendered where the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In reviewing the trial court's grant or denial of a motion for summary judgment, we must construe the evidence and all inferences therefrom most favorably toward the party opposing the motion.[2]

So construed, the evidence shows that in February 1991, J. Brit Miller bought kitchen cabinets from Home Depot. At the time of the purchase, a Home Depot employee made the handwritten notation "10 yr. warranty" on the sales receipt. A few months after the cabinets

---

[1] OCGA § 9-11-56 (c); *Mathis v. Cannon*, 276 Ga. 16, 17 (1) (573 SE2d 376) (2002).

[2] *Mathis*, supra; *State Farm Fire &c. Co. v. Goodman*, 259 Ga. App. 62, 63 (1) (576 SE2d 49) (2002).

were installed, some of the door and drawer fronts began to delaminate. Miller complained to Home Depot, which contacted the cabinet manufacturer, Crystal Cabinet Works, Inc., about the problem. By early 1993, the door and drawer fronts were replaced.

Over the next several years, the bottoms and sides of the cabinets began to delaminate. In March 2000, two Crystal Cabinets repairmen came to Miller's house and relaminated the damaged bottoms and sides. But during the repair work a large bubble appeared on the back of the breakfast bar, and the Crystal Cabinets repairmen informed Miller that the back of the bar could not be repaired and would have to be replaced. Two months later, Crystal Cabinets sent the replacement parts to Miller, but the Crystal Cabinets repair team was not then available to complete the work. Crystal Cabinets told Miller that he could hire someone else to make the repairs and then send the bill to Crystal Cabinets for reimbursement.

Instead, in January 2002, Miller filed the instant lawsuit against Home Depot U. S. A., Inc., but not against Crystal Cabinets. In his complaint, Miller alleges that Home Depot failed to comply with the 10-year warranty noted on his sales receipt and that it violated the Fair Business Practices Act. Home Depot moved for summary judgment, arguing that Miller has failed to produce any evidence of the terms of the alleged warranty. The trial court denied the motion, but granted Home Depot a certificate of immediate review. This court granted Home Depot's application for interlocutory review of the trial court's denial of the summary judgment motion.

1. Home Depot argues that the trial court should have granted summary judgment as to Miller's breach of express warranty claim because there is no evidence of the terms of the alleged warranty. We agree.

The instant case is similar to, and controlled by, *Grossman v. Brown & Webb Builders*.[3] In that case, plaintiff Grossman sued Brown & Webb Builders for breach of an express warranty relating to the installation of synthetic stucco on his new home.[4] This court affirmed the trial court's grant of summary judgment to Brown & Webb on the breach of warranty claim because there was no evidence of the terms of the warranty. "Pretermitting whether this circumstantial evidence raises questions of fact regarding the warranty's *existence*, it sheds no light on the terms of the warranty, which are critical to Grossman's claim."[5]

---

[3] 255 Ga. App. 897 (567 SE2d 116) (2002).
[4] Id.
[5] (Emphasis in original.) Id. at 900 (2).

In the instant case, the handwritten notation "10 yr. warranty" on the sales receipt raises a question of fact as to the existence of a warranty. However, Miller, like the plaintiff in *Grossman*, has not produced a copy of the warranty or pointed to any other evidence shedding light on the terms of the warranty. Without a copy of the warranty or some evidence as to its terms, it is impossible to determine who issued the warranty, what sort of defects are covered by warranty, what remedies or repairs are promised and whether the warranty has been breached. In fact, it appears from the evidence — i.e., Crystal Cabinets' attempted repairs — that any warranty was a Crystal Cabinets manufacturer's warranty, not a Home Depot seller's warranty.

Regardless, without some evidence as to the specific terms of the warranty we are constrained to find that there is no genuine issue of material fact as to whether Home Depot has breached an enforceable warranty. "A contract cannot be enforced if its terms are incomplete, vague, indefinite or uncertain. In addition, the party asserting the existence of a contract has the burden of proving its existence and its terms."[6] Because Miller has not pointed to any evidence of the terms of the warranty, Home Depot is entitled to summary judgment on the breach of warranty claim.[7]

2. Home Depot asserts that it is also entitled to summary judgment on Miller's claim that it violated the Fair Business Practices Act (FBPA).[8] Miller contends that the same facts that support his breach of warranty claim also support his FBPA claim. But as discussed above in Division 1, the facts do not support Miller's breach of warranty claim since there is no evidence of the terms of the alleged warranty. Accordingly, the factual premise of Miller's FBPA claim is unfounded, and the trial court therefore should have granted summary judgment to Home Depot.

*Judgment reversed. Smith, C. J., and Phipps, J., concur.*

DECIDED JULY 27, 2004.

---

[6] (Citation, punctuation and footnote omitted.) *Mooney v. Mooney*, 245 Ga. App. 780, 782 (538 SE2d 864) (2000).

[7] *Grossman*, supra.

[8] OCGA § 10-1-390 et seq.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr., S. Jarret Raab, Johnson & Hobgood, Thomas T. Hobgood, Seth M. Diamond,* for appellant.

*Abernathy & Ballinger, H. Stephen Abernathy,* for appellee.