A93A1964. DEVOE v. CALLIS.
(442 SE2d 765)

SMITH, Judge.

This personal injury action arises out of a collision between a car driven by plaintiff Devoe and a parked vehicle owned by defendant

Callis. The collision occurred on January 30, 1990. This action was filed on January 29, 1992, one day before expiration of the relevant statute of limitation. See OCGA § 9-3-33. While no return of service appears on the record, Callis states by affidavit that he was served on April 20, 1992, eighty-one days after the statute of limitation expired. The trial court granted Callis's motion for summary judgment on the basis of Devoe's failure to act diligently to locate and serve Callis after expiration of the statute of limitation, and Devoe appeals.

1. "OCGA § 9-11-4 (c) provides in pertinent part: 'When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.' This proviso applies as well to service made outside the state pursuant to the Long Arm Statute. In any case, the correct test (is) whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. . . . A reasonable rule must be that . . . the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. . . . The plaintiff has the burden of showing lack of fault. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *Hossain v. Tohme*, 205 Ga. App. 538, 539-540 (1) (423 SE2d 4) (1992).

Under the facts of this case, Devoe has not demonstrated that she exercised due diligence as a matter of law. In June 1991, approximately eight months before Devoe filed this action, Callis moved to Morristown, Tennessee, because of a job change. There is no indication from the record that he moved to conceal himself or to avoid service. The burden is on the plaintiff to ascertain a defendant's residence, and that obligation does not arise only upon expiration of the statute of limitation. See *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989). Although Devoe's counsel states by affidavit that he was retained only a short time before the statute of limitation expired and could not verify Callis's address before filing this action, the record shows no further steps by Devoe to verify Callis's address until March 3, 1992, when Devoe retained a private investigator.[1] Even after a "non-est" return was entered by the Fulton County Marshal on February 12, 1992, indicating that Callis could not be located, the record shows no action for 20 days. Once a plaintiff is put on

---

[1] It also appears that Devoe took no steps through two former counsel to locate Callis.

notice of a problem with service, she is required to exercise " 'the greatest possible diligence to ensure proper and timely service.' [Cit.]" *Walker v. Hoover*, supra, 191 Ga. App. at 861. After the private investigator discovered that Callis had moved, there was an additional delay of nine days before Devoe contacted a process server. The record shows no contact between Devoe and the process server from counsel's letter of March 25 until a telephone call on April 16, 1992. Callis ultimately was served on April 20, 1992, four days later.

Although Devoe's counsel contends that "correspondence and other means of communication, phone calls, etc. were initiated by my staff in a reasonable and diligent effort to locate this defendant," Devoe does not identify the individuals involved or " 'give specific dates or details reflecting a diligent attempt to locate [Callis].' [Cit.]" *Cason v. Williams*, 207 Ga. App. 550, 552 (428 SE2d 444) (1993). Since the burden is on Devoe to show reasonable diligence, she cannot simply state in conclusory fashion that reasonable and diligent efforts were made. Id.

Eighty-one days elapsed between expiration of the statute of limitation and service on Callis. A finding of laches on a lapse of as little as 63 days between expiration of the limitation period and service has been upheld by this court. *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990). Moreover, the record shows an unexplained lapse of over a month during those 81 days in which there was no effort by Devoe to verify Callis's address. The record further reveals additional periods of delay during which Devoe apparently did not act promptly on new information. Under the evidence presented here, the trial court did not abuse its discretion as a matter of law in deciding that plaintiff did not use reasonable diligence to pursue service. *Capra v. Rogers*, 200 Ga. App. 131, 134-135 (3) (407 SE2d 101) (1991).

2. In Devoe's second enumeration of error she contends that the trial court should have attributed the delay in service on Callis to his liability insurance carrier. Devoe appears to contend that the carrier had an unspecified obligation to provide her with Callis's address. Devoe cites no legal authority for this contention, and it is unsupported by the existing case law. See *Walker v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 874 (429 SE2d 289) (1993) (service on defendants' liability carrier no bar to summary judgment for failure to exercise due diligence in serving defendants). The authorities cited by Devoe refer to the obligation of *parties* to refrain from inducing delay or concealing material facts they have a duty to disclose. Although served, Callis's liability carrier was never a party to the litigation. See generally *Bohannon v. Futrell*, 189 Ga. App. 340, 341-342 (1) (375 SE2d 637) (1988), aff'd 259 Ga. 162 (377 SE2d 853) (1989) (uninsured motorist carrier not a party under OCGA § 33-7-11 (d), so long as it chose not

to participate directly in the litigation). There is nothing in counsel's affidavit or elsewhere in the record, whether in the form of correspondence or formal discovery, showing that Devoe requested Callis's address from the carrier. Devoe has pointed to no legal authority placing an obligation on an adverse party's liability insurance carrier to volunteer information absent any request. This enumeration of error has no merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1994 — RECONSIDERATION DISMISSED MARCH 8, 1994 AND RECONSIDERATION DENIED MARCH 29, 1994.

*Henley & Associates, Fredrick J. Henley, Jr.*, for appellant.
*Sharon Ware & Associates, Lynn D. Heath*, for appellee.