A95A2330. SYKES v. SPRINGER et al.
(469 SE2d 472)

ANDREWS, Judge.
On September 28, 1994, Billy Lee Sykes filed a complaint against David Springer and Earl Sherwood Enterprises, Inc. ("Sherwood") for personal injuries allegedly sustained in an automobile accident on October 14, 1992. Sykes filed in the wrong county and failed to properly serve either defendant until 106 days after the statute of limitation expired. Finding no adequate explanation for Sykes' failure to complete service of process in a timely manner, the trial court dismissed the complaint with prejudice. For the reasons which follow, we affirm.

The record shows the following facts. At the time of filing, about 16 days before the expiration of the statute of limitation, Sykes' complaint listed the correct address of both Springer and Sherwood but Sykes paid for service of process only on Sherwood, the corporate defendant. The sheriff's entry of service from Pike County, returned on September 30, 1994, indicated that service could not be made because

Sherwood's registered agent's address was in Spalding County. About two months later, when Sykes' counsel discovered he had filed in the wrong county, he filed a motion to transfer. Proper service was not effectuated on either Springer or Sherwood until January 28, 1995, 106 days after the statute of limitation had run.

In opposition to Springer and Sherwood's motion to dismiss, Sykes presented the affidavits of his counsel and counsel's secretary. Counsel blamed an unidentified person at the fire department for misinforming him as to the correct county of the registered agent of Sherwood. Counsel testified that because he never received a copy of the return of service from Pike County, he did not realize there was a service problem. Counsel testified that at his behest, probably in mid-October, his secretary contacted the Pike County clerk's office and an unidentified person misinformed her that the action had been served on Sherwood on September 30, 1994.

Counsel further testified that he continued to wait for Sherwood's answer until he discovered on November 29, 1994, that no service had been made. The next day, counsel filed a motion to transfer, which was granted on December 15, 1994. He did not discover that the Spalding County clerk's office needed additional funds for service on Sherwood until January 25.

Counsel also attested that he spoke with the defendants' insurance adjuster and faxed a copy of the complaint to the defendants' attorney. Counsel's secretary testified that when she checked with the Pike County clerk's office in mid-October, someone told her Sherwood had been served on September 30, 1994. She further testified that she never received the service form back.

1. Sykes contends the trial court abused its discretion by dismissing his action because the delay was 1) due to the mistakes and misinformation of public officials and 2) due to the passage of time necessary in effecting a transfer from one county to another.

Where service is made, as here, after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute, but only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible. The plaintiff also has the burden of showing lack of fault. *Slater v. Blount*, 200 Ga. App. 470, 472 (408 SE2d 433) (1991).

Under the facts of this case, Sykes has not demonstrated he acted in a reasonable and diligent manner as a matter of law. The burden is on a plaintiff to ascertain a defendant's address including his proper county. See *Devoe v. Callis*, 212 Ga. App. 618, 619 (442 SE2d 765) (1994), and *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986). The fact that the Williamson, Georgia, address is on the border of two counties should have alerted Sykes to investigate more

carefully and not to accept the word of an unidentified person at the fire department. When a copy of the return of service paperwork from Pike County did not arrive, it was Sykes' responsibility to ascertain whether or not there was a problem with service. Additionally, Sykes' counsel admitted that he failed to pay adequate funds to Spalding County for service on Springer or Sherwood until late January 1995, well after the statute had run. In fact, the evidence shows not only did Sykes fail to pay Spalding County the $25 service fee on either defendant, but also Sykes failed to provide Spalding County with completed entry of service sheets.

" '[T]he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' (Citations and punctuation omitted.) *Hossain v. Tohme*, 205 Ga. App. 538, 539-540 (1) (423 SE2d 4) (1992)." *Devoe*, 212 Ga. App. at 619 (1). In this case, we find no abuse of discretion.

2. Sykes contends that "reasonable diligence" did not obligate him to effectuate service of process beyond ordinary and customary methods. We note that this is an inaccurate portrayal of Sykes' perilous situation after he learned Sherwood had not been served within the statutory limit. From the time Sykes received notice of a problem with service, he was obligated to exercise, not due diligence, but " ' "the greatest possible diligence to ensure proper and timely service." (Cit.)' [Cit.]" *Devoe*, 212 Ga. App. at 620. Here, Sykes caused additional delay by failing to pay the proper filing fees with Spalding County to ensure that both defendants would be served after the transfer. Although the transfer order was signed December 15, 1994, service on both Springer and Sherwood was not accomplished until January 28, 1995.

3. We reject Sykes' final argument that there was no harm to Springer or Sherwood by the delay in service because Sykes' counsel provided notice of the impending suit to their agents, an insurance adjuster and their attorney. Such notice is irrelevant. " ' "[W]here there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit." ' [Cit.]" *Trammel v. Nat. Bank of Ga.*, 159 Ga. App. 850, 852 (285 SE2d 590) (1981). In this case, there was no timely service and there was no waiver thereof.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1996.

*Strauss & Walker, John T. Strauss*, for appellant.

*Downy & Cleveland, G. Lee Welborn*, for appellees.