## A96A2198. WALKER v. BORD.
(483 SE2d 675)

RUFFIN, Judge.

Henry Walker sued Eric Bord for injuries he allegedly sustained in an automobile accident which occurred on September 15, 1993. Walker filed his complaint on September 8, 1995, one week before the relevant statute of limitation expired. See OCGA § 9-3-33. Bord was personally served with the complaint on December 13, 1995, and thereafter answered and moved the court to dismiss the complaint on the ground that he was not served within the applicable statute of limitation. The trial court found that Walker "failed to exercise due diligence to serve [Bord] in a timely manner as required by law" and granted the motion to dismiss. Walker appeals the trial court's order, and we affirm.

"The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) Sykes v. Springer, 220 Ga. App. 388, 390 (1) (469 SE2d 472) (1996).

The record in this case shows no abuse. Specifically, the record shows that in the fall of 1994, approximately one year before Walker filed this action, Bord moved from Atlanta, Georgia to Maryland to open a business. Bord stated in an affidavit that when he discontinued his telephone service in Atlanta, he instructed the telephone company to "have a tape-recorded message respond to any calls to [his] old number and inform the caller of [his] new telephone number." Bord also left his forwarding address with the United States Post Office in Atlanta and "routinely received mail in Maryland that had been forwarded from [his] former Atlanta address."

When Walker filed his complaint, he attempted to serve Bord at his former Atlanta address provided on the Motor Vehicle Accident Report. On September 18, 1995, the marshal returned the entry of service to Walker's counsel showing that service was not perfected because Bord had moved. On September 28, 1995, Walker's counsel sent Bord's insurance company, USAA Property & Casualty Insurance ("USAA"), a document entitled "REQUEST FOR PRODUCTION OF INFORMATION TO A NON-PARTY." The document requested that USAA provide Walker with information concerning Bord's address.[1] On October 26, 1995, prior to receiving a response from USAA, Walker requested that Bord's counsel accept service on behalf

---

[1] The document stated it was a request "pursuant to OCGA § 9-11-34 to produce for inspection and copying at [counsel's office] the following described information: 1. State the last known address of Eric S. Bord[.] 2. State each and every address that you have on

of Bord. Counsel denied the request because he had no such authority. On October 31, 1995, USAA informed Walker in a letter that it would not comply with his request for Bord's address information. A local marshal served Bord at his Maryland residence 43 days later.

"Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised." (Citations and punctuation omitted.) *Starr v. Wimbush*, 201 Ga. App. 280, 281 (2) (410 SE2d 776) (1991).

We find several problems with Walker's efforts in this case. First, we do not agree with Walker that he "had no reason to doubt the accuracy" of the information contained in the Motor Vehicle Accident Report. Walker had the burden to ascertain Bord's residence, and the information upon which he relied was almost two years old. See *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994). The expiration of the statute of limitation was looming. Under the circumstances, diligence would seem to dictate that Walker take at least some action to ensure that the information was not stale.

Second, when Walker realized there was "a problem with service, he was obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citations and punctuation omitted.) *Sykes*, supra at 390 (2). Yet Walker did nothing for ten days following his failed attempt at serving Bord. Moreover, there is no evidence accounting for the 43 days between the time USAA informed Walker that it would not comply with his request for address information and the time Bord was served. Pretermitting the question of whether a non-party such as USAA was obligated to provide the address information (see *Devoe*, supra at 620-621), we find these two periods of inaction sufficient to support the trial court's finding that Walker failed to exercise due diligence in serving Bord.

Furthermore, although Walker's counsel stated in an affidavit that he "contacted several sources to obtain [Bord's] current address and from the date that [he] was notified that [Bord] had moved [he] continuously made effort to locate and serve [Bord,]" he failed to identify these sources or specify what these other efforts were. Because the burden was on Walker to show he exercised the required

record for Eric S. Bord and the dates of occupancy." The document requested similar information concerning Bord's family members.

level of diligence, he could not simply state in a conclusory fashion that he continuously attempted to locate Bord. See id. at 620. Of similar inconsequence are Walker's numerous assertions in his appellate brief concerning additional action he took to locate and serve Bord. The assertions are not supported by the record, and it is well established that "unsupported factual assertions in briefs cannot be considered in the appellate process. [Cit.]" *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164 (2) (464 SE2d 259) (1995).

Finally, we reject Walker's argument that Bord was not harmed by the delay in service because Bord's counsel knew of the impending suit. "Such notice is irrelevant. Where there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit. In this case, there was no timely service and there was no waiver thereof." (Citations and punctuation omitted.) *Sykes*, supra at 390 (3).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MARCH 6, 1997.

*Burdine & Brown, Thomas F. Brown II, William H. Clerke IV*, for appellant.

*Bovis, Kyle & Burch, Timothy A. Hickey, Jr.*, for appellee.