### A97A1983. MITCHELL et al. v. HAMILTON.
(493 SE2d 41)

POPE, Presiding Judge.

The trial court dismissed this personal injury action arising from an automobile collision because plaintiff Phyllis Mitchell served defendant Joy Hamilton over three months after the statute of limitation expired. Mitchell claimed that both she and her minor daughter, Kiara, were injured in the May 30, 1994 incident.[1] She sought to recover damages for her own injuries and medical expenses incurred by her daughter. As Kiara's next friend, Mitchell also made a personal injury claim on the child's behalf. The trial court found Mitchell failed to show she made diligent efforts to serve Hamilton. We affirm the court's dismissal of Mitchell's claims for personal injury and for Kiara's medical expenses; however, we reverse the dismissal of Kiara's claims because the statute of limitation is tolled during her minority.

1. Mitchell's claims are governed by a two-year statute of limitation, which expired May 30, 1996. OCGA § 9-3-33; see *Davis v. Desa Intl.*, 209 Ga. App. 318 (433 SE2d 410) (1993). Mitchell did not serve Hamilton until September 4, 1996. When service is made outside the limitation period, "[t]he plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on

---

[1] Although Mitchell's complaint states that the accident occurred May 31, 1994, her brief acknowledges May 30, 1994 as the correct date.

appeal absent abuse." (Citation and punctuation omitted.) *Cantin v. Justice*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997). The plaintiff must also show the failure to timely serve was not her fault. *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996).

"The burden is on the plaintiff to ascertain a defendant's residence, and that obligation does not arise only upon expiration of the statute of limitation. [Cit.]" *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994). When Mitchell's attorney filed this action one month before the statute of limitation expired, she directed the sheriff to serve Hamilton at the address listed on a police report prepared almost two years earlier. "Under the circumstances, diligence would seem to dictate that [Mitchell] take at least some action to ensure that the information was not stale." *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997). Because the sheriff returned that summons on May 31, 1996, with the notation that Hamilton had moved, Mitchell then became "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citations and punctuation omitted.) *Sykes*, supra at 390 (2).

The record shows Mitchell made no further attempts at service until July 2, 1996, after she obtained a different address for Hamilton from the phone book. The summons and request for service she mailed to the clerk of superior court on July 2 were returned on July 22, apparently because no copy of the complaint was enclosed. By the time the sheriff could again attempt service on July 24, Hamilton had moved again. Mitchell's counsel learned of this new problem on July 30, but she apparently made no further efforts at service for almost a month. Around August 26, the attorney called Hamilton's phone number and learned she had moved to a different apartment in the same complex. She mailed the clerk a request for service on August 26. Even then, she did not know Hamilton's actual apartment number and requested the sheriff ask the apartment's resident manager for it. Mitchell has given no explanation for the month-long gaps between her May, July and late August attempts at service, and she has not explained her failure to include a copy of the complaint with her July summons. See *Devoe*, 212 Ga. App. at 620. Under these circumstances, we cannot say that the trial court abused its discretion in finding a lack of diligence and dismissing Mitchell's claims. See *Cantin*, 224 Ga. App. at 197.

2. The trial court's finding also authorized it to dismiss Mitchell's claims for medical expenses Kiara incurred as a result of the collision. Under OCGA § 19-7-2, the right to recover a minor's medical expenses in a tort action is vested solely in the child's parents. See *Jarrell v. State Merit System*, 205 Ga. App. 527, 528 (423 SE2d 1) (1992); *Rose v. Hamilton Med. Ctr.*, 184 Ga. App. 182 (361 SE2d 1) (1987) (physical precedent only). The expiration of the two-year stat-

ute of limitation for personal injury extinguished these claims. See *Rose*, 184 Ga. App. 182.

3. The trial court erred, however, by dismissing those personal injury claims belonging to Kiara Mitchell, who was 12 years old when her mother filed this suit on her behalf. The statute of limitation does not run against an unemancipated minor even though the child is represented by a next friend or guardian ad litem. See OCGA § 9-3-90; *Barnum v. Martin*, 135 Ga. App. 712, 715 (2) (219 SE2d 341) (1975). Because the statute is tolled until Kiara attains majority, the court erred in requiring her mother to show a diligent effort to serve Hamilton with notice of Kiara's claims. Hamilton does not address this issue on appeal except to argue that Mitchell waived the right to make this argument. We disagree, as Mitchell did raise the issue in her oral argument before the trial court. See *Hughes v. Montgomery Contracting Co.*, 189 Ga. App. 814, 815 (377 SE2d 723) (1989). Moreover, Hamilton's attorney acknowledged at the motion hearing that the child's claim for pain and suffering "could withstand the motion to dismiss." Therefore, we reverse the trial court's dismissal of Kiara's claims for pain and suffering.

*Judgment affirmed in part and reversed in part. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1997.

*Joyce W. Bergman*, for appellants.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.