## A98A0813. PAYNE et al. v. MIMMS ENTERPRISES, INC.
### (505 SE2d 520)

Judge Harold R. Banke.

Lula Bell Payne filed suit individually and as the executrix of the estate of Jack Valentine Payne for injuries allegedly sustained in connection with her fall on premises owned by Mimms Enterprises, Inc. ("Mimms"). Just prior to the expiration of the statute of limitation, Payne filed suit in DeKalb County. The sheriff was not able to effectuate service on the corporation's registered agent and executed a return of service which indicated that Mimms had moved. Payne then purportedly attempted to serve Mimms' corporate secretary by certified mail under OCGA § 14-2-504 sent to the same address. The certified mailing was returned "unclaimed." After Mimms failed to answer, Payne moved for judgment by default. In response to the trial court's concern about a possible venue problem as to whether Mimms might actually be located in Fulton County, Payne submitted a memorandum to the court. Shortly thereafter, the trial court found that service on Mimms had not been perfected and reset the trial date so that Payne could properly serve Mimms. Following the renewal of Payne's motion for default judgment, the trial court dismissed the action due to Payne's failure to "exercise reasonable diligence to effect service of process upon the defendant." *Held*:

Payne contends that the trial court erred in denying the motion for default and in dismissing the case for lack of service because service was perfected under OCGA § 14-2-504. We disagree.

On appeal, a trial court's determination of whether a plaintiff has failed to exercise due diligence in perfecting service after the running of the statute of limitation will not be disturbed absent abuse. *Walker v. Bord*, 225 Ga. App. 242 (483 SE2d 675) (1997); *Sykes v. Springer*, 220 Ga. App. 388, 390 (1) (469 SE2d 472) (1996). Following the expiration of the applicable statute of limitation, a plaintiff incurs a duty to attempt service by exercising "the greatest possible diligence." *Devoe v. Callis*, 212 Ga. App. 618, 620 (1) (442 SE2d 765) (1994).

Where the registered agent for a corporation cannot be served using reasonable diligence, a corporation may be served by registered or certified mail addressed to the secretary of the corporation at its principal office, return receipt requested. OCGA § 14-2-504 (b). Since the record does not indicate that Mimms received or signed for the mail, service could only have been perfected by depositing a copy of the summons and complaint "in the mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed." OCGA § 14-2-504 (b) (3).

Even assuming for the sake of argument only that Payne exercised the requisite diligence in attempting to serve Mimms' regis-

tered agent and was thereby entitled to employ service by mail on the corporate secretary, Payne offered no admissible evidence that this was, in fact, accomplished. Although Payne was not required to offer sworn testimony pertaining to service, she was required to offer admissible evidence. See *E. H. Bricks v. Walker Showcase*, 255 Ga. 122, 123 (1) (336 SE2d 37) (1985) (no specific affidavit required under business Code). See *Ticor Constr. Co. v. Brown*, 255 Ga. 547, 549 (3) (340 SE2d 923) (1986) (methods of service in the Civil Practice Act and the Georgia Business Corporation Code are discrete).

Payne offered no testimony or transcript of any proceeding. Payne's "evidence" of service was an unauthenticated document purporting to indicate that a law office attempted a certified mailing of some article to Robert C. Mimms at a specified address and at a cost of $2.98. On the record before us, we cannot say that Payne offered a proper foundation for the introduction of this document by tendering proof of its authenticity or genuineness. *Hill Aircraft Leasing Corp. v. Cintas Corp.*, 169 Ga. App. 747, 748 (1) (315 SE2d 263) (1984). As such, this document did not constitute admissible evidence. *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995). Payne bore the burden of offering admissible evidence proving compliance with OCGA § 14-2-504 (b) (3). This she failed to do. In the absence of evidence to the contrary, we cannot say that the trial court abused its discretion. *Devoe*, 212 Ga. App. at 619 (1).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 6, 1998 —
RECONSIDERATION DENIED SEPTEMBER 2, 1998 — ▇▇▇▇▇▇

*Lynwood D. Jordan, Jr.*, for appellants.
*Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn*, for appellee.