A02A1794. CARTER et al. v. McKNIGHT.
(578 SE2d 901)

RUFFIN, Presiding Judge.

On October 30, 2000, Joe Manuel, Jr. and James Carter sued Janet McKnight for damages allegedly arising out of a March 5, 1997 collision between Manuel's truck and McKnight's automobile. Manuel asserted a property damage claim, and Carter, who was a passenger in Manuel's truck, sought recovery for personal injuries. Over one year later, on January 3, 2002, McKnight filed a "Special Appearance Answer and Defenses" and a summary judgment motion, asserting that she had never been served with process and that all claims were barred by the applicable statutes of limitation. The trial court granted McKnight's motion, and finding no error, we affirm.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue [of] material fact and that the moving party is entitled to a judgment as a matter of law."[1] The record reveals that the plaintiffs originally raised their claims against McKnight in a suit that was dismissed on May 1, 2000. Although we do not know the date of that original suit, it apparently was filed inside the four-year limitation period for property damage claims and the two-year period for personal injury claims.[2] This case is a renewal of that original action, timely filed within six months of the May 1, 2000 dismissal.[3]

On November 1, 2000, a sheriff's deputy attempted to serve the renewal complaint on McKnight at a Glynn County address provided by the plaintiffs. The deputy was unable to locate or serve McKnight, and he indicated on the Entry of Service form that McKnight had "relocated to the Atlanta area." The record contains no evidence of proper service.

In response to McKnight's summary judgment motion, the plaintiffs' counsel filed an affidavit regarding his efforts to serve the complaint. According to counsel, he tried unsuccessfully to locate McKnight in Glynn County on several occasions and discovered that she remained a registered voter there. After learning that she might be in Atlanta, he made "arrangements . . . immediately . . . to have the Sheriff of the County serve [McKnight] and the fee for service was sent to the Sheriff, along with process." The affidavit does not reference a particular county or address in Atlanta, and it does not state that McKnight was ever actually served. Nevertheless, counsel asserted that "[d]iligen[t] efforts were made in having [McKnight] served with process."

---

[1] OCGA § 9-11-56 (c).

[2] See OCGA §§ 9-3-31; 9-3-33.

[3] See OCGA § 9-2-61 (a).

The trial court disagreed, finding that the plaintiffs failed to exercise diligence in serving McKnight and were guilty of laches. It thus concluded that the applicable statutes of limitation, which expired after the complaint was filed, barred their claims. "The determination of whether the plaintiff[s] [were] guilty of laches in failing to exercise due diligence in perfecting service . . . is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[4]

1. Initially, the plaintiffs argue that McKnight is not entitled to summary judgment because she did not file an affidavit or other admissible evidence to support her assertion that she was never served with process. But McKnight was not required to produce evidence or disprove the plaintiffs' claims.[5] On the contrary, "[a] defendant meets [her] summary judgment burden by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the plaintiff[s'] case."[6] McKnight satisfied this burden by raising the lack of service and pointing to evidence that the Glynn County Sheriff's Office was unable to serve her.[7]

2. A renewal suit filed pursuant to OCGA § 9-2-61 is an action de novo.[8] All procedural requirements, including those governing service of process, must be met.[9] As with any complaint, when a renewal action "is filed within the applicable limitation period but service is perfected more than five days after that period expires, the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible."[10] And once a plaintiff learns about a problem perfecting service, "his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service."[11] The plaintiff bears the burden of showing the necessary diligence and must provide specific dates and details regarding his efforts to perfect service.[12] Such diligence cannot be established through "conclusory statements."[13]

---

[4] *Carmody v. Hill*, 248 Ga. App. 437-438 (546 SE2d 545) (2001).

[5] See *Grossman v. Brown & Webb Builders*, 255 Ga. App. 897, 899 (1) (567 SE2d 116) (2002).

[6] (Punctuation omitted.) Id.

[7] See id. at 899-900.

[8] See *Whitten v. Richards*, 240 Ga. App. 719, 720 (1) (523 SE2d 906) (1999).

[9] See id.

[10] (Punctuation omitted.) *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (1) (571 SE2d 418) (2002). See also *Whitten*, supra at 721 (1) (b).

[11] *Carmody*, supra at 438.

[12] See *Zeigler*, supra at 357 (2); *Whitten*, supra.

[13] *Zeigler*, supra. See also *Devoe v. Callis*, 212 Ga. App. 618, 620 (1) (442 SE2d 765) (1994) ("Since the burden is on [the plaintiff] to show reasonable diligence, she cannot simply state in conclusory fashion that reasonable and diligent efforts were made.").

The limitation period governing Carter's personal injury claim terminated on or about November 1, 2000, when the renewal period ended.[14] The four-year statute of limitation for Manuel's property damage claim expired on or about March 5, 2001.[15] The record lacks any evidence that McKnight was served within five days of either date. Instead, it shows only the failed effort to perfect service on November 1, 2000, in Glynn County. That unsuccessful attempt alerted the plaintiffs to a problem with service, requiring them to exercise the greatest possible diligence in serving McKnight.[16]

We agree with the trial court that the plaintiffs failed to show such diligence. They did not offer any evidence regarding their efforts to find McKnight beyond Glynn County, and it is unclear whether they located an accurate address for her. Although the plaintiffs' counsel testified that "arrangements" were made to serve McKnight in an unspecified county in the "Atlanta area," his affidavit does not offer any details regarding those "arrangements" or specify whether service was attempted there. And the record contains no evidence that the vague "arrangements" *ever* resulted in service of the complaint. Under these circumstances, the trial court did not abuse its discretion in finding that the plaintiffs failed to exercise diligence in serving McKnight.[17] Summary judgment, therefore, was proper.[18]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 7, 2003.

*Walter D. Adams*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, Brad S. McLelland, Bradley J. Watkins*, for appellee.

---

[14] See OCGA § 9-2-61 (a); *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991).

[15] See OCGA § 9-3-31; *Day v. Burnett*, 199 Ga. App. 494, 495 (1) (405 SE2d 316) (1991).

[16] See *Carmody*, supra.

[17] See *Zeigler*, supra at 357-358; *Carmody*, supra; *Mitchell v. Hamilton*, 228 Ga. App. 850-851 (1) (493 SE2d 41) (1997); *Devoe*, supra at 619-620.

[18] See *id.*