## A06A1377. DUFFY et al. v. LYLES.
(636 SE2d 91)

MILLER, Judge.

Raquell Lyles sued Christopher and Michelle Duffy for personal injuries arising out of a November 20, 2001 automobile collision. The Duffys appeal the trial court's order denying their motion to dismiss Lyles' complaint. Since the record shows that Lyles failed to carry her burden of demonstrating that she exercised reasonable diligence in perfecting service on the Duffys, we reverse.

Lyles filed her complaint on November 5, 2003, only fourteen days prior to the expiration of the two-year statute of limitation. OCGA § 9-3-33. A Fulton County marshal attempted service of the complaint on November 17, 2003, but was unsuccessful because the Duffys had moved from Fulton County to Cobb County. The Duffys were finally served with the complaint on May 11, 2004, approximately six months after the expiration of the statute of limitation. OCGA § 9-3-33.

> The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) requires that service of a complaint shall be made within five days of the filing of the complaint. *If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. A*

> reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citation omitted; emphasis in original.) *Tenet Healthcare Corp. v. Gilbert*, 277 Ga. App. 895, 903 (5) (627 SE2d 821) (2006).

Once a plaintiff receives notice of a problem with service of the complaint, some cases hold that the plaintiff must exercise not only reasonable diligence, but the "greatest possible diligence" in perfecting service. See *Carter v. McKnight*, 260 Ga. App. 105, 107 (2) (578 SE2d 901) (2003) (greatest possible diligence required after unsuccessful service attempt alerted plaintiffs to a service problem); *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001) (greatest possible diligence required from time plaintiff became aware of a problem with the address given to the sheriff); *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996) (greatest possible diligence required from the time plaintiff received notice from the sheriff's department of a problem with service). Other cases have found that the "greatest possible diligence" standard should only be required where the defense has raised service as a defense. See *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510 (604 SE2d 588) (2004). We need not resolve this conflict here, however, because the record fails to show that Lyles exercised either reasonable diligence or the greatest possible diligence in attempting service.

The plaintiff has the burden of showing diligence in attempting to effect service, which must be supported by specific dates and details. *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (2) (571 SE2d 418) (2002). "Since the burden is on [Lyles] to show reasonable diligence, she cannot simply state in conclusory fashion that reasonable and diligent efforts were made." *Devoe v. Callis*, 212 Ga. App. 618, 620 (1) (442 SE2d 765) (1994). Regardless of whether Lyles' counsel informed her of her obligation to timely perfect service, this Court is required to strictly apply the service requirements "because notice is the very bedrock of due process." (Citation omitted.) *McRae v. White*, 269 Ga. App. 455, 458 (604 SE2d 291) (2004); see also *Robinette v. Johnston*, 637 FSupp. 922 (M.D. Ga. 1986) (being unaware of importance of service of process is not an adequate justification for delay).

Lyles argues that she acted in a diligent manner to serve the Duffys, but the record does not support this assertion. "The burden is

on the plaintiff to ascertain a defendant's residence, and that obligation does not arise only upon expiration of the statute of limitation." (Citation omitted.) *Devoe*, supra, 212 Ga. App. at 619 (1). Lyles contends that after the Fulton County marshal was unable to effect service, she attempted to ascertain the Duffys' forwarding address through the United States Postal Service. This contention is not supported in the record by affidavit or documentary evidence, nor did Lyles provide the trial court with "any specific dates or describe the nature of the investigatory effort, or otherwise [provide] any factual detail which would show a diligent attempt to locate the [Duffys]." *Early v. Orr*, 135 Ga. App. 887, 888 (219 SE2d 622) (1975).

Lyles further contends that after her attempts to locate the Duffys through the postal service were unsuccessful, she hired a private company to perform a "skip trace" to locate them. However, Lyles failed to provide the trial court with the details of any attempt to locate the Duffys in the four-month period beginning on November 17, 2003, when the return of service indicated that the Duffys had moved, until March 22, 2004, when her attorney requested the "skip trace." Lyles does not offer any explanation for the lack of action by either her or her counsel in attempting to verify the Duffys' address during this four-month period, and this Court has held that unexplained lapses of even shorter periods indicate a failure to pursue service in a reasonably diligent manner. See *Devoe*, supra, 212 Ga. App. at 620 (1).

Despite her failure to diligently pursue service, Lyles argues that we should affirm the trial court because the Duffys were aware of the lawsuit and were therefore not prejudiced by the delay in service. Our Supreme Court has considered a lack of prejudice to the defendant in sustaining a trial court's denial of a motion to dismiss for failure to timely serve the complaint. See *Poloney v. Tambrands*, 260 Ga. 850, 852 (2) (412 SE2d 526) (1991). In that case, however, the complaint was filed "well before the expiration of the statute of limitation" and the defendant had participated in discovery. Id. Neither of those conditions is present here, as Lyles filed the complaint just prior to the expiration of the statute of limitation and the Duffys did not answer the complaint until after they eventually were served.

Even if the Duffys had knowledge of the lawsuit, this does not excuse Lyles' failure to diligently attempt service of her complaint. "The applicable test . . . is whether the plaintiff exercised due diligence, not whether the defendant had suffered harm." *Poteate v. Rally Mfg.*, 260 Ga. App. 34, 37 (6) (579 SE2d 44) (2003).

We conclude that as a matter of law, Lyles did not carry her burden of showing reasonable diligence in attempting to serve the Duffys. *Land v. Casteel*, 195 Ga. App. 455, 457 (393 SE2d 710) (1990). We are therefore constrained to find that the trial court abused its

discretion in failing to grant the Duffys' motion to dismiss. See, e.g., *Abelt v. Nelson*, 204 Ga. App. 501, 503-504 (419 SE2d 749) (1992) (as a matter of law, plaintiff did not show diligence in attempting service). While we recognize the severity of this result with respect to Lyles' purported cause of action, due process requires that we enforce a plaintiff's obligation to diligently pursue service to ensure fairness to all parties involved in a lawsuit.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2006.

*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Wayne S. Melnick*, for appellants.
*Richards & Dalton, Charles H. Richards, Jr.*, for appellee.