**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 6, 2020**

# In the Court of Appeals of Georgia

A20A1277. VAN OMEN v. LOPRESTI.

MCFADDEN, Chief Judge.

Kyle Lee Van Omen appeals the dismissal of his personal injury action against Irina Teresa Lopresti. Van Omen argues that the trial court wrongly applied the greatest-possible-diligence standard when dismissing his action for failure to serve. Resolving a conflict in our law, we hold that if the statute of limitation has run, a plaintiff must exercise the greatest possible diligence to ensure proper and timely service from the time a defendant raises an issue with service in court. Until then, the plaintiff must exercise reasonable diligence to serve the defendant. We overrule cases

to the contrary. Nevertheless, we hold that Van Omen failed to show that he exercised even reasonable diligence at any time. So we affirm. [1]

1. *Factual background.*

The record shows that the parties were involved in an automobile collision on July 16, 2017. Van Omen filed this action against Lopresti on June 21, 2019, 25 days before the statute of limitation ran on July 16, 2019. See OCGA § 9-3-33; *Infinite Energy v. Pardue*, 310 Ga. App. 355, 362 (4) (713 SE2d 456) (2011). A deputy

---

[1]Because this decision overrules a number of our prior decisions, we circulated it among all nondisqualified judges of the Court in order to determine whether it would be taken en banc and considered by all of us. Fewer than the required number of judges voted in favor of en banc consideration. The decisions overruled are the following, as well as any others to the extent they hold that the greatest-possible-diligence standard applies before a defendant raises a service defense in court: *Cleveland v. Katz*, 311 Ga. App. 880, 883-884 (2) (717 SE2d 500) (2011), overruled in part on other grounds in *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317-321 & n. 2 (2) (765 SE2d 413) (2014); *Williams v. Bragg*, 260 Ga. App. 377, 378-379 (579 SE2d 800) (2003); *Carter v. McKnight*, 260 Ga. App. 105, 106-107 (2) (578 SE2d 901) (2003), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Payne v. Mimms Enterprises*, 234 Ga. App. 199 (505 SE2d 520) (1998); *Mitchell v. Hamilton*, 228 Ga. App. 850, 850-851 (1) (493 SE2d 41) (1997); *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996); *Devoe v. Callis*, 212 Ga. App. 618, 619-620 (1) (442 SE2d 765) (1994); *Nee v. Dixon*, 199 Ga. App. 729 (405 SE2d 766) (1991); *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990); and *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989).

sheriff's return of service non est inventus, indicating that "multiple attempts made w/o service," was filed on August 13, 2019.

Nothing more happened until October 11, 2019, when Lopresti filed a special appearance answer, raising service defenses, and a motion to dismiss on the ground that the statute of limitation had run and she had not been served. The trial court granted the motion to dismiss, finding that Van Omen had not acted with the greatest possible diligence to ensure service. The court found that Lopresti still had not been served as of December 5, 2019, the date of the order. Van Omen filed this appeal, arguing that the trial court applied the wrong standard.

2. *Applicable standard of diligence*.

Although a plaintiff must file his complaint "within the applicable period of limitation[], the law allows the same to be served beyond that applicable period. If the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation[] has run in the interim." *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995). In other words, "[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service,

3

the service will relate back to the time of filing so as to avoid the limitation." *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317 (2) (765 SE2d 413) (2014) (citation and punctuation omitted).

The rule that service can relate back to the filing of a complaint so as to avoid the statute of limitation predates the Civil Practice Act. See *Giles*, 330 Ga. App. at 315-316 (1). But the rule has continued under the Civil Practice Act. That rule has been harmonized with the direction in the provision of the Act governing service of process upon the filing of a complaint, now OCGA § 9-11-4 (c), which directs that "the person making such service shall make the service within five days from the time of receiving the summons and complaint[.]" That five-day period has been held to be a safe harbor provision. "[I]f service is made within the five-day grace period allowed by OCGA § 9-11-4 (c), it relates back to the date the complaint was filed as a matter of law." *Giles*, 330 Ga. App. at 317-318 (2).

Even if service is made beyond the five-day grace period, however, service can relate back to the filing of the complaint so as to avoid the bar of the statute of limitation: "[w]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is

4

dependent upon the diligence exercised by the plaintiff in perfecting service." *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006) (citation and punctuation omitted). "When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised." *Strickland v. Home Depot*, 234 Ga. App. 545, 546 (507 SE2d 783) (1998) (citation and punctuation omitted).

A line of our cases beginning in 1987 holds that once a plaintiff becomes aware of a problem with service, the diligence that is due becomes "the greatest possible diligence." *Roberts v. Bienert*, 183 Ga. App. 751, 752 (1) (360 SE2d 25) (1987). In 2006, our Supreme Court adopted that holding. *Swain v. Thompson*, 281 Ga. 30, 32 (2) (635 SE2d 779) (2006).

In the present case, the parties disagree about the circumstances that trigger the higher duty, or, in other words, what is meant by "once the plaintiff becomes aware of a problem with service." *Swain*, 281 Ga. at 32 (2). Our cases are in conflict.

Numerous cases support Van Omen's position that the greatest-possible-diligence standard applies only from the time a defendant files a pleading raising a service issue. See, e.g., *Lipscomb v. Davis*, 335 Ga. App. 880, 880 (783 SE2d 398) (2016); *Milani v. Pablo*, 316 Ga. App. 287, 288 (1) (728 SE2d 883) (2012); *Milton v. Goins*, 309 Ga. App. 865, 865-866 (2) (711 SE2d 415) (2011), overruled in part on

other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Carver v. Tift County Hosp. Auth.*, 268 Ga. App. 153, 155 (601 SE2d 475) (2004), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Ingraham v. Marr*, 246 Ga. App. 445, 447 (540 SE2d 652) (2000); *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Robinson v. Stuck*, 194 Ga. App. 311, 312 (1) (390 SE2d 603) (1990), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2).

A less numerous line of cases supports Lopresti's position that the greatest-possible-diligence standard applies from the time a plaintiff becomes aware of a problem with service such as from a sheriff's return of service non est. See, e.g., *Williams v. Bragg*, 260 Ga. App. 377, 379 (579 SE2d 800) (2003) (greatest possible diligence required after plaintiff learned from return of service that address was not in county where service had been attempted); *Carter v. McKnight*, 260 Ga. App. 105, 106-107 (2) (578 SE2d 901) (2003), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (greatest possible diligence required after unsuccessful service attempt alerted plaintiffs to a service problem); *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001), overruled in part on other grounds in

6

*Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (greatest-possible-diligence standard applied from time plaintiff became aware of a problem with the address given to the sheriff); *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996) (greatest-possible-diligence standard applied from the time plaintiff received notice from the sheriff's department of a problem with service). See also *Harris v. Johns*, 274 Ga. App. 553, 554-555 (618 SE2d 1) (2005) (summarizing conflicting cases).

In his special concurrence to *Wade v. Whalen*, 232 Ga. App. 765, 772-773 (504 SE2d 456) (1998) (physical precedent only), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2), then-Presiding Judge Pope recognized the conflict in our cases and made a compelling argument for abandoning the greatest-possible-diligence standard "except in cases . . . in which the issue of service of process is raised by the defendant's responsive pleadings." *Wade*, 232 Ga. App. at 773 (Pope, P. J., concurring specially). Presiding Judge Pope observed that

> [t]he problem with employing the higher standard of "greatest possible diligence" after the plaintiff receives a return of service from the sheriff is that it creates an illogical distinction. Many plaintiffs are aware that there is a problem with service, despite the fact that the sheriff has not so indicated on a return of service. The notion of "due diligence" is predicated on plaintiff's awareness that, for some reason, a defendant has not been served. Imposing upon this group of plaintiffs this higher

7

standard serves no useful purpose. To the contrary, in cases in which the statute of limitation has expired and the defendant has entered an appearance in court and raised a service defense, the higher standard should be imposed upon the plaintiff. At this stage, a court is involved and the "greatest possible diligence" must be exercised by the plaintiff to ensure proper and timely service.

Id. at 772-73 (Pope, P. J., concurring specially).

Since *Wade*, we have continued to acknowledge the conflict in our cases without endeavoring to resolve it. See, e.g. *Montague v. Godfrey*, 289 Ga. App. 552, 555 n. 4 (1) (657 SE2d 630) (2008) (physical precedent only), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (noting conflict but declining to resolve it because plaintiff failed to exercise either reasonable diligence or the greatest possible diligence at any point); *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (declining to resolve the conflict because the record failed to show that the plaintiff "exercised either reasonable diligence or the greatest possible diligence in attempting service"); *Harris*, 274 Ga. App. at 554-555 (declining to resolve the conflict because it was unnecessary to decide the case); *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510 (604 SE2d 588) (2004), overruled in part on other

8

grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (acknowledging "split" in opinions, agreeing with P. J. Pope's special concurrence, but declining to resolve the conflict); *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000) (acknowledging conflict, agreeing with P. J. Pope's special concurrence, but declining to resolve the conflict because plaintiff failed to satisfy any standard of diligence); *Parker v. Shreve*, 244 Ga. App. 350 (535 SE2d 332) (2000) (physical precedent only), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (acknowledging conflict, agreeing with P. J. Pope's special concurrence but declining to reach the issue as it was unnecessary to decide the case). See also *Busby v. Webb*, 247 Ga. App. 781, 782 n. 2 (545 SE2d 132) (2001), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (stating that "[Presiding] Judge Pope's position is expressly approved in *Davis v. Bushnell*," supra, although we declined to resolve the conflict in *Davis*).

Declining to resolve a conflict when a resolution is unnecessary to decide the case is appropriate. When "we are able to decide [a] case on a narrower basis, we do not reach the broader issues." *Crenshaw v. Crenshaw*, 267 Ga. 20 (471 SE2d 845) (1996). "Faithful adherence to the doctrine of judicial restraint provide[d] a fully adequate justification for deciding [those] case[s] on the best and narrowest ground

9

available." *Air Courier Conference of America v. American Postal Workers Union AFL-CIO*, 498 U. S. 517, 531 (111 SCt 913, 112 LE2d 1125) (1991) (Stevens, J., concurring). Indeed, we have held that on such occasions "the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsel[ed] us to go no further." *Moore v. McKinney*, 335 Ga. App. 855, 857 (2) (783 SE2d 373) (2016) (citation and punctuation omitted).

As explained below, we could decide this case as well without resolving the conflict. But we have recognized this conflict for more than two decades without resolving it. So it has continued to complicate what should be a straightforward analysis. And it is a conflict created by this court. So we find it appropriate to resolve it today. See *Peacock Constr. Co. v. Chambers*, 223 Ga. 515, 518 (156 SE2d 348) (1967) (resolving conflicting decisions "to clear the air of confusion in the minds of both the bench and bar").

We adopt Presiding Judge Pope's persuasive reasoning and hold that the standard of "greatest possible diligence" in the context of assessing a plaintiff's attempts at service applies only when the statute of limitation has expired and the defendant has raised a service defense in court. This rule creates certainty in that it is clear when a defendant raises a service defense in court, while determining when

10

a plaintiff becomes aware of a problem with service is not always as clear. We overrule *Williams*, 260 Ga. App. at 378-379; *Carter*, 260 Ga. App. at 106-107 (2), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Carmody*, 248 Ga. App. at 438, overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); and *Sykes*, 220 Ga. App. at 391 (2), as well as each of the cases listed in footnote two of this opinion and any other cases to the extent they hold that the greatest-possible-diligence standard applies before a defendant raises a service defense in court.[2]

Principles of stare decisis do not require a different conclusion. "When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its

---

[2]*Cleveland v. Katz*, 311 Ga. App. 880, 883-884 (2) (717 SE2d 500) (2011), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Payne v. Mimms Enterprises*., 234 Ga. App. 199 (505 SE2d 520) (1998); *Mitchell v. Hamilton*, 228 Ga. App. 850, 850-851 (1) (493 SE2d 41) (1997); *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2); *Devoe v. Callis*, 212 Ga. App. 618, 619-620 (1) (442 SE2d 765) (1994); *Nee v. Dixon*, 199 Ga. App. 729 (405 SE2d 766) (1991); *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990); *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989).

reasoning." *Southall v. State*, 300 Ga. 462, 467 (1) (796 SE2d 261) (2017) (citation and punctuation omitted).

Although the precedents we overrule range in age, we noted the conflict they perpetuate as far back as 1998, so their age does not weigh in favor of keeping them. The precedents do not implicate any "significant reliance interest," *Southall*, 300 Ga. at 467 (1) (citation and punctuation omitted), given that we have questioned them for more than two decades. As for the practicality of these precedents, application of the rule we approve here provides clarity that the precedents lack, since it is clear when a defendant raises a service defense in court, while determining when a plaintiff becomes aware of a problem with service is not always as clear. And by overruling these precedents, we resolve the confusion that the conflicting lines of cases create for the bench and bar. Finally, as explained above, the most important factor, the soundness of the reasoning, weighs against these precedents and in favor of the other line of cases.

3. *Application to this case*.

Van Omen argues that the trial court erred by applying the greatest-possible-diligence standard to his attempts to serve Lopresti. The trial court's order is not

clear. The court found that "[u]nder the totality of the circumstances, and considering the record as a whole as well as all relevant case law, . . . [Van Omen] has not acted with the 'greatest possible diligence to ensure proper and timely service,'" but the court did not specify any particular period to which he applied the standard. But even assuming that the trial court erred, Van Omen is not entitled to reversal because the record shows that, as a matter of law, Van Omen failed to exercise the requisite diligence.

Counsel for Van Omen filed an affidavit in response to Lopresti's motion to dismiss. In the affidavit he testified that he received the sheriff's return of service on August 13, 2019, which was 28 days after the statute of limitation had run. The attorney testified that at an unspecified time after receiving the return of service, he retained a private investigator and process server who unsuccessfully made several attempts to serve the complaint and performed a skip trace. The attorney did not specify in his affidavit the date he retained the private investigator, but in his appellate brief he states that he did so after October 11, 2019, when Lopresti filed her special appearance answer and her motion to dismiss. The attorney did not specify the dates that the process server attempted to serve Lopresti or conducted a skip trace.

13

The attorney testified that on October 21, 2019 (ten days after Lopresti had filed the special appearance answer and the motion to dismiss ), he received an email from the process server indicating that Lopresti may have moved to California. The attorney testified that two days later, on October 23, 2019, he sent to Lopresti's attorney a request to waive service. Van Omen's attorney testified that at an unspecified later time, he hired a California-based private investigator, who, as of November 25, 2019, the date of the affidavit, was continuing to attempt to serve Lopresti. The attorney testified that the California private investigator informed him the week before his November 25, 2019 affidavit that Lopresti was possibly stationed at a California air force base. The attorney testified that in light of that information, he also forwarded a copy of the summons and complaint to a California sheriff's office for service. As noted above, Van Omen had not served Lopresti at the time of the trial court's December 5, 2019 ruling on the motion to dismiss.

Van Omen bears "the burden of proving that [he] obtained service as quickly as possible after the expiration of the limitation period. As the burden rests on (him) to ensure diligent service, (he) must provide specific dates or details to show diligence and cannot rely on conclusory statements." *Parker v. Silviano*, 284 Ga. App. 278, 280 (1) (643 SE2d 819) (2007) (citation and punctuation omitted). The record

14

shows that after the return of service was filed on August 13, 2019, Van Omen took no action to serve Lopresti until after October 11, 2019, eighty-seven days after the statute of limitation had run, when Lopresti filed the special appearance answer and the motion to dismiss. Van Omen "does not offer any explanation for the lack of action . . . during this [nearly two]-month period, and this [c]ourt has held that unexplained lapses of even shorter periods indicate a failure to pursue service in a reasonably diligent manner." *Duffy*, 281 Ga. App. at 379. See *Parker*, 284 Ga. App. 279-280 (1) (lapse of eighteen days after complaint was filed and ten days after the statute of limitation had run was unexplained, given only unauthenticated, hearsay evidence about service efforts, and supported dismissal for failure to make reasonable efforts to obtain service as quickly as possible). Simply put, in the period from the filing of the non est return of service to the time Lopresti raised her service defense, when the reasonable-diligence standard applied, Van Omen took no action to serve her and so failed to pursue service in even a reasonably diligent manner.

After October 11, 2019, when Loperesti raised her service defense, triggering the greatest-possible-diligence standard, the only action Van Omen took was hiring a Georgia private investigator and a California private investigator, requesting that Lopresti waive service, and mailing the summons and complaint to a California

15

sheriff's office. "While the affidavit [of Van Omen's attorney] makes vague reference to investigations made to locate [and to attempts made to serve Lopresti], it does not give any specific dates or describe the nature of the . . . effort[s], or otherwise reflect any factual detail which would show a diligent attempt to locate [and to attempt to serve her]." *Early v. Orr*, 135 Ga. App. 887, 888 (219 SE2d 622) (1975). See also *Parker*, 284 Ga. App. at 280 (1). Under these circumstances, "[w]e conclude that as a matter of law, [Van Omen] did not carry [his] burden of showing [even] reasonable diligence in attempting to serve [Lopresti]." *Duffy*, 281 Ga. App. at 379. See also *Harlem v. Williams*, 326 Ga. App. 526 (757 SE2d 149) (2014), overruled in part on other grounds in *Giles*, 330 Ga. App. at 317-321 & n. 2 (2) (plaintiff failed to exercise required level of diligence when there was an unexplained lapse of two months after return of service was filed, and plaintiff hired private process server after motion to dismiss was filed).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.