A92A1322. HOSSAIN v. TOHME.
(423 SE2d 4)

McMURRAY, Presiding Judge.

On August 2, 1990, plaintiff, Mohammed Hossain, brought suit against defendant, John Joseph Tohme, in the State Court of Fulton County. He alleged that he suffered personal injuries in an October 26, 1988, automobile collision as a direct and proximate result of defendant's negligence. An attempt was made to serve defendant with a copy of the complaint and summons at a house on Regency Road in Atlanta on September 10, 1990; however, it appears that service was not perfected at that time because the marshal's entry of service recites that defendant "moved to Calif." Plaintiff's uninsured motorist carrier, Allstate Insurance Company ("Allstate"), was served by second original on October 4, 1990, and it timely filed an answer to the complaint denying liability.

Subsequently, plaintiff learned that defendant was attending the University of California at Los Angeles and asked the marshal's office to make another attempt to serve defendant. On November 7, 1990, a deputy marshal completed an entry of service showing that defendant was served by leaving a copy of the complaint and summons with his

mother at the Regency Road address. Eight days later, defendant answered the complaint, denied liability, and set forth, inter alia, insufficiency of service of process and statute of limitation defenses. In addition, defendant moved to dismiss, or, in the alternative, for summary judgment on the ground that plaintiff failed to perfect service upon defendant and plaintiff's action was barred by the statute of limitation. Allstate moved to dismiss, or, in the alternative, for summary judgment, too. Via a certificate of coverage, it demonstrated that on October 26, 1988, the date of the accident, defendant was covered by an automobile policy issued by State Farm Mutual Automobile Insurance Company, and that, therefore, defendant was not an uninsured motorist.

On January 29, 1991, the trial judge dismissed plaintiff's action against defendant. Two days later, however, plaintiff obtained an order from another judge specially appointing an agent for service of process. Then, on February 7, 1991, the County of Los Angeles Sheriff's Department left a copy of the complaint and summons with Christine Tohme, defendant's sister, at defendant's residence in Burbank, California.

Defendant renewed his motion to dismiss, or, in the alternative, for summary judgment. Following a hearing on May 21, 1991, the State Court of Fulton County dismissed plaintiff's action against defendant and Allstate. Plaintiff appeals. *Held*:

1. OCGA § 9-11-4 (c) provides, in pertinent part: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." "This proviso applies as well to service made outside the state pursuant to the Long Arm Statute. [OCGA § 9-10-94.] 'In any case, the correct test (is) whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. There, of course, will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be.' *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975); *Hutchins v. Hunter*, 135 Ga. App. 40 (3) (217 SE2d 375) (1975); *Hilton v. Maddox, Bishop, Hayton &c., Inc.*, 125 Ga. App. 423 (188 SE2d 167) (1972). The plaintiff has the burden of showing lack of fault. *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408 (274 SE2d 775) (1980); *Bible v. Hughes*, 146 Ga. App. 769 (3) (247 SE2d 584) (1978)." *Smith v.*

*Griggs*, 164 Ga. App. 15, 17 (2), 18 (296 SE2d 87). Ordinarily, "[t]he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984).

In the case sub judice, plaintiff's efforts to serve defendant were " 'intermittent and wholly ineffective.' " *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300). Plaintiff made no attempts to have defendant served until September 10, 1990 — more than five weeks after the complaint was filed. Moreover, plaintiff made no serious efforts to serve defendant until the complaint was dismissed on January 29, 1991 — more than three months after the expiration of the statute of limitation. It cannot be said, therefore, that the trial court abused its discretion in finding that plaintiff failed to exercise due diligence in perfecting service upon defendant. The trial court did not err in granting defendant's motion to dismiss, or, in the alternative, motion for summary judgment.

2. Because service was not perfected upon defendant within the statute of limitation, the "condition precedent to obtaining judgment against [Allstate] cannot be accomplished. . . ." It follows that the trial court did not err in granting Allstate's motion to dismiss, or, in the alternative, for summary judgment.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Morris L. Richman*, for appellant.

*Downey, Cleveland, Parker, Williams & Davis, William S. Allred, J. Calhoun Harris, Jr., Fain, Major & Wiley, Christopher E. Penna*, for appellee.