A98A1515. SCOTT et al. v. TAYLOR.
(507 SE2d 798)

Judge Harold R. Banke.

One day before the expiration of the statute of limitation, Roy Scott III, filed an action for personal injuries on his own behalf and for Roy Scott IV, and Calvin Scott (collectively "Scott"). Scott's complaint was not served on Grace Elizabeth Taylor until 32 days later. The trial court dismissed the action finding that Scott was guilty of laches for failing to use due diligence in obtaining service. Scott appeals. *Held*:

A trial court's exercise of discretion in determining the diligence

of a plaintiff in perfecting service after the five-day safe harbor provision of OCGA § 9-11-4 (c) will not be disturbed absent an abuse of discretion. *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224 (450 SE2d 253) (1994). Where, as here, a complaint is filed near the expiration of the applicable statute of limitation and service is made after the five-day statutory grace period provision, the plaintiff bears the burden of showing that he exercised due diligence in perfecting service. *Cantin v. Justice*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997); OCGA § 9-11-4 (c). See *Hossain v. Tohme*, 205 Ga. App. 538, 539 (1) (423 SE2d 4) (1992). Where a plaintiff can show that due diligence was exercised in perfecting service, then the service will relate back to the time of the filing of the complaint, effectively tolling the statute of limitation. *Starr v. Wimbush*, 201 Ga. App. 280 (410 SE2d 776) (1991). But where a delay occurs then the plaintiff must show his lack of fault for that delay. *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994).

Notwithstanding Scott's claim to the contrary, this is not a case where Scott was penalized for a delay caused by the sheriff. Taylor testified, without contradiction, that on February 7, 1997, she moved across the street from 1145 Kathleen Bynum Drive to 1142 Kathleen Bynum Drive. Scott's complaint, filed more than three and one-half months after Taylor moved, incorrectly listed the old address. Compare *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997) (plaintiff should not be penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers). Both the complaint and entry of service contained an incorrect address. Compare *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350 (1) (408 SE2d 111) (1991) (dismissal reversed because plaintiffs timely provided sheriff's department with proper address).

Scott offered no evidence showing any effort was made to verify or validate Taylor's address. See *Devoe*, 212 Ga. App. at 619 (1). Nor did Scott offer any explanation as to why the wrong address appeared on the complaint. Nor did Scott show that the sheriff's office was contacted to ascertain the reason for the delay in effectuating service. In light of the apparent dearth of evidence of due diligence, we are unable to conclude that the trial court abused its discretion in dismissing the complaint. *Morse*, 215 Ga. App. at 224.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 28, 1998 —

*Shaffer, Raymond & Dalton, Philip T. Raymond III*, for appellants.

*Martin, Snow, Grant & Napier, Cubbedge Snow III, Blair K. Cleveland,* for appellee.