## A06A2027. MOORE v. WILKERSON.
(641 SE2d 578)

BARNES, Chief Judge.

Louise Moore appeals from the trial court's grant of summary judgment to Douglas Wilkerson on her claim for damages after she was injured in a car accident. For the reasons that follow, we affirm.

On June 23, 2002, Moore was the passenger in a car that was involved in an accident with Douglas Wilkerson. On June 15, 2004, she filed a complaint for damages for her injuries resulting from the accident. A copy of the complaint was sent to Georgia Farm Bureau, Wilkerson's insurance company. Also, on June 15, 2004, Moore attempted to serve Wilkerson, but service was not complete because there was no lot number noted on the service papers. Service was attempted again on January 12, 2005, but Wilkerson had apparently

---

"moved [with] no forwarding address," and then again on August 29, 2005, with the same result. In May 2005, Moore moved for service by publication, which the trial court granted in an order dated May 11, 2005. The court specifically noted that the "order shall not be construed as a finding of due diligence on the part of [Moore] by the court." Service was finally perfected on October 18, 2005, approximately 16 months after the expiration of the statute of limitation.

Wilkerson moved for summary judgment, arguing that Moore's claims were barred by the statute of limitation. Following a hearing on the motion, the trial court granted summary judgment to Wilkerson, and Moore appeals from that order.

We review for abuse of discretion the trial court's determination of whether the plaintiff failed to exercise due diligence in perfecting service after the statute of limitation had run. *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990).

> OCGA § 9-11-4 (c) provides in pertinent part: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." . . . [T]he correct test is whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. . . . A reasonable rule must be that . . . the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. . . . The plaintiff has the burden of showing lack of fault.

(Citations and punctuation omitted.) *Hossain v. Tohme*, 205 Ga. App. 538, 539-540 (1) (423 SE2d 4) (1992). Efforts regarding due diligence must be supported by specific dates and details. *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (2) (571 SE2d 418) (2002). Thus, because service of process was perfected after the statute of limitation passed, timely filing of the complaint tolls the statute only if Moore showed she acted reasonably and diligently in attempting to serve Wilkerson as quickly as possible, and that she was not at fault. *Pryor v. Douglas Shopper &c.*, 236 Ga. App. 854 (514 SE2d 59) (1999).

Moore argues that she acted in a diligent manner in attempting to serve Wilkerson; however the record is not persuasive. Moore filed the complaint eight days before the expiration of the limitation period and service was not perfected until sixteen months after the statute ran. While the evidence shows that Moore hired a private investigator to find Wilkerson, the investigator only used computer software to attempt to locate Wilkerson. Despite having been unsuccessful in

perfecting service on at least three previous occasions, the investigator never talked with Wilkerson's family, neighbors or employers. Wilkerson apparently lived in five different locations during the sixteen-month period, but all within the same small community, even in the same mobile home park. Moreover, Wilkerson apparently lived at one of the locations for approximately one year during this time period.

Moore argues that she was in constant contact with the sheriff's department, made several calls to Wilkerson's insurance company, and, in all, made over "26 contacts" in attempting to serve Wilkerson. Moore's attorney's office manager testified that she contacted the investigator in June 2004, and asked him to confirm Wilkerson's address, then again in December 2004 to tell him that they were having problems locating Wilkerson. Apparently in response to new information, the January 12, 2005 service was attempted to no avail. Notwithstanding the failed attempt, the next attempted service was not until eight months later, and it too was unsuccessful. As noted earlier, Wilkerson was finally served in October 2005.

Because Moore has the burden of showing diligence in attempting to effect service, such efforts must be supported by specific dates and details. *Zeigler v. Hambrick*, supra, 257 Ga. App. at 357 (2). While the record shows that Moore made numerous attempts to serve Wilkerson, the record also reflects that there were long lapses where apparently no actions were taken to locate Wilkerson, specifically, from June 2004 when the first attempt to serve failed, to December 2004 when the investigator was asked to find another address for Wilkerson, and from the failed attempt in January 2005 to the next attempt at service in August 2005. Our court has held that unexplained lapses in attempting service "indicate a failure to pursue service in a reasonably diligent manner." *Duffy v. Lyles*, 281 Ga. App. 377, 379 (636 SE2d 91) (2006) (unexplained lapse of four months indicates a failure to pursue service in a reasonably diligent manner). Moreover, we have also held that once a plaintiff receives notice of a problem with service of the complaint, the plaintiff must exercise not only reasonable diligence, but the "greatest possible diligence" in perfecting service. *Carter v. McKnight*, 260 Ga. App. 105, 107 (2) (578 SE2d 901) (2003). Other cases have found that the "greatest possible diligence" standard should only be required where the defense has raised service as a defense. See *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510 (604 SE2d 588) (2004).

The record, however, does not show that Moore exercised either reasonable diligence or the greatest possible diligence in attempting service, and "due process requires that we enforce a plaintiff's obligation to diligently pursue service to ensure fairness to all parties

involved in a lawsuit." *Duffy v. Lyles*, supra, 281 Ga. App. at 380. Thus, we find no abuse of discretion in the trial court's grant of summary judgment to Wilkerson.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED JANUARY 30, 2007.

*Eidson & Mathis, Patrick S. Eidson*, for appellant.

*Reinhardt, Whitley, Wilmot & Summerlin, Glenn Whitley*, for appellee.