### A07A2085. MITSUBISHI MOTORS CORPORATION v. COLEMON et al.

(658 SE2d 843)

JOHNSON, Presiding Judge.

On April 25, 2002, Lisa Lopes was driving a Mitsubishi Pajero on a two-lane road in Honduras. Katrina Gibson, Sophia Gibson and Joy Lonon were passengers in the back seat of the vehicle. Lopes lost control of the Mitsubishi vehicle, which overturned and came to rest upside down on the side of the road. Lopes died as a result of the accident.

On April 12, 2004, the Gibsons and Lonon filed a lawsuit in DeKalb County State Court against Wanda Lopes Colemon, Lopes' mother and the administratrix of her estate, seeking damages for injuries allegedly suffered in the accident. In October 2004, Colemon filed a wrongful death lawsuit against Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc., but she voluntarily dismissed that lawsuit on October 19, 2005. On April 18, 2006, Colemon filed a renewal action against Mitsubishi Motors Corporation, in the form of a third-party claim, in DeKalb County State Court.

Although Mitsubishi Motors Corporation (hereafter, "Mitsubishi") had acknowledged service of the first complaint, it would not acknowledge service of the renewal action. So on May 1, 2006, Colemon moved the court to allow APS International to serve Mitsubishi in Japan, and she also mailed a copy of the complaint to Mitsubishi at a Japan address used in the original action. On May 3, the court authorized APS as a special process server. On June 8, 2006, Colemon learned that the address from the original action was incorrect. She filed an amended complaint with the correct address and, on June 23, 2006, mailed a copy to Mitsubishi at the corrected address, which Mitsubishi received on July 4, 2007. On September 12, 2006, APS also completed personal service on Mitsubishi in Japan.

Mitsubishi moved to dismiss the third-party complaint on the grounds of lack of personal jurisdiction and improper service of process. The trial court denied the motion to dismiss. Pursuant to this court's grant of an application for interlocutory review, Mitsubishi appeals.

1. Mitsubishi argues that the trial court erred in finding that it may exercise personal jurisdiction over Mitsubishi pursuant to OCGA § 9-10-91 (1). The argument is without merit.

OCGA § 9-10-91 is Georgia's long arm statute and establishes the grounds for Georgia courts to exercise jurisdiction over nonresidents. Subsection (1) of that statute provides that a court of this state may exercise personal jurisdiction over any nonresident who "in person *or through an agent* . . . [t]ransacts any business within this state."[1] The Supreme Court of Georgia has ruled that this subsection must be construed broadly and literally.[2]

[U]nder that literal construction, OCGA § 9-10-91 (1) grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State. Of course, because this statutory language would expand the personal jurisdiction of Georgia courts beyond that permitted by constitutional due process, we accordingly construe subsection (1) as reaching only to the maximum extent permitted by procedural due process.[3]

In the instant case, the trial court correctly found that Mitsubishi transacts business in Georgia through its agent, Mitsubishi Motors North America (MMNA). In its answer to Colemon's third-party complaint, Mitsubishi admitted that it is in the business of designing, testing and manufacturing motor vehicles for use in Georgia. Mitsubishi further admitted in its answer and its memorandum supporting its motion to dismiss that MMNA is a wholly-owned subsidiary of Mitsubishi; that MMNA manufactures, markets, finances and distributes Mitsubishi motor vehicles in the United States; and that MMNA distributes motor vehicles in Georgia for Mitsubishi.

"It is well established that a party may make admissions in judicio in their pleadings, motions, and briefs."[4] The factual admissions in judicio made by Mitsubishi in its answer and motion memorandum are binding.[5] And because they establish that Mitsubishi transacts business in this state through MMNA, the trial court may,

---

[1] (Emphasis supplied.)

[2] *Innovative Clinical &c. Svcs. v. First Nat. Bank of Ames, Iowa*, 279 Ga. 672, 675-676 (620 SE2d 352) (2005).

[3] (Citations and punctuation omitted.) Id. at 675.

[4] (Citation omitted.) *Builder Marts of America v. Gilbert*, 257 Ga. App. 763, 766 (3) (572 SE2d 88) (2002).

[5] See *Colonial Properties Realty &c. v. Lowder Constr. Co.*, 256 Ga. App. 106, 107-108 (1) (567 SE2d 389) (2002).

under the expansive construction of OCGA § 9-10-91 (1), exercise personal jurisdiction over Mitsubishi so long as such exercise of jurisdiction comports with constitutional due process.

> The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in the forum State. Most recently we have reaffirmed the oft-quoted reasoning of *Hanson v. Denckla*[6] . . . that minimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State.[7]

Mitsubishi purposefully established contacts with Georgia, and has availed itself of the privilege of transacting business here, through MMNA. We note that while MMNA's principal office is in California, it does have a registered agent for service of process in Georgia. Moreover, the admitted facts that Mitsubishi is in the business of designing, testing and manufacturing motor vehicles for use in Georgia, and that it uses its wholly-owned subsidiary to carry out that business by distributing its vehicles here, create a substantial connection with this state.

Despite having purposefully availed itself of the privilege of transacting business in this state, Mitsubishi contends that the trial court cannot exercise personal jurisdiction over it because the incident giving rise to this lawsuit, the car accident in Honduras, involved a vehicle model not sold in the United States and did not arise out of Mitsubishi's contacts with Georgia. But those factors do not eliminate the trial court's authority to exercise jurisdiction in this case.

> Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due

---

[6] 357 U. S. 235 (78 SC 1228, 2 LE2d 1283) (1958).

[7] (Citations and punctuation omitted; emphasis in original.) *Asahi Metal Indus. Co. v. Superior Court of California &c.*, 480 U. S. 102, 108-109 (II) (A) (107 SC 1026, 94 LE2d 92) (1987).

process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation.[8]

When the suit does not arise out of the defendant's contacts with the forum, the state is said to exercise general jurisdiction, and factors relevant to the existence of such jurisdiction include regularly doing business in the state, deriving substantial revenue from goods or services in the state, having agents or employees in the state, maintaining an office in the state, and having subsidiaries or business affiliates in the state.[9]

In this case, Mitsubishi has regularly done business in Georgia by distributing its vehicles here through its wholly-owned subsidiary MMNA. This is precisely the kind of continuous and systematic business contact that justifies the exercise of general jurisdiction.[10] Moreover, the exercise of jurisdiction by the trial court is reasonable and does not violate notions of fair play and substantial justice, especially given the interest of this state, like that of every state, in providing its own citizens with a convenient forum for redressing injuries wrought by nonresidents who have sought out the state's citizens for the purpose of business gain.[11]

2. Mitsubishi contends that the trial court erred in finding that it was properly served with the complaint. Mitsubishi claims the trial court should have ruled that service by mail is not permitted under the Hague Convention and that Colemon did not exercise due diligence in perfecting service. We find no reversible error.

(a) The Hague Convention is a multinational treaty which has the purpose of creating an effective means of serving judicial and extrajudicial documents.[12] In finding that the convention allows service by mail, the trial court relied on two federal cases from the Northern District of Georgia which expressly hold that such service by mail is proper.[13] While noting that there is a competing line of authority from other jurisdictions, both of those cases concluded that service by mail is allowed by Article 10 (a) of the convention, which provides that the convention shall not interfere with "the freedom to

---

[8] (Citations and footnote omitted.) *Helicopteros Nacionales de Colombia v. Hall*, 466 U. S. 408, 414 (II) (104 SC 1868, 80 LE2d 404) (1984).

[9] *Aero Toy Store v. Grieves*, 279 Ga. App. 515, 521 (631 SE2d 734) (2006).

[10] Compare *Helicopteros*, supra at 416 (one trip to forum state to negotiate contract not continuous and systematic contact).

[11] See *First Nat. Bank of Ames, Iowa v. Innovative Clinical &c. Svcs.*, 280 Ga. App. 337, 338 (634 SE2d 88) (2006).

[12] *Patty v. Toyota Motor Corp.*, 777 FSupp. 956, 958 (N.D. Ga. 1991).

[13] *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335 (N.D. Ga. 2000); *Patty*, supra.

send judicial documents, by postal channels, directly to persons abroad."[14] We note that both of those cases, like the instant case, involved service by mail on motor vehicle companies in Japan. Mitsubishi has made no showing that those federal decisions are incorrect, and like the trial court, we find them to be persuasive authority permitting service by mail under the convention.

(b) Even if the trial court had erred in finding that service of process by registered mail was effective under the Hague Convention, we find no error in its finding that Colemon exercised due diligence in attempting to serve Mitsubishi.

Where, as here, a complaint is filed near the expiration of the applicable statute of limitation and service is made after the five-day grace period of OCGA § 9-11-4 (c), the plaintiff bears the burden of showing that she exercised due diligence in perfecting service.[15] Where the plaintiff can show due diligence, the service will relate back to the time of the filing of the complaint, effectively tolling the statute of limitation.[16] A trial court's determination that the plaintiff exercised due diligence will not be disturbed absent an abuse of discretion.[17]

In the instant case, given that Mitsubishi refused to acknowledge service of the renewal third-party complaint even though it had done so in the initial action, that the address used in the initial action was apparently incorrect, that Colemon obtained leave of court to use a special process server upon discovering the problem, that Colemon served Mitsubishi by registered mail once she learned of its correct address, and that APS ultimately perfected personal service in Japan, the trial court did not abuse its discretion in finding that Colemon acted diligently in attempting to perfect service on Mitsubishi.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 6, 2008 — 

*Watson, Spence, Lowe & Chambless, Frank F. Middleton IV, Brian J. Schneider,* for appellant.

*Harris, Penn & Lowry, Jeffrey R. Harris, Darren W. Penn, Hasty, Pope & Ball, Marion T. Pope, Jr., Willis B. Green III,* for appellees.

---

[14] (Emphasis omitted.) *Schiffer*, supra at 336-337; *Patty*, supra.
[15] *Scott v. Taylor*, 234 Ga. App. 543, 544 (507 SE2d 798) (1998).
[16] Id.
[17] Id. at 543-544.