296 Ga. 481
FINAL COPY

S14A1908, S14A1910.  STUBBLEFIELD et al.  v.  STUBBLEFIELD et al.
(two cases).

THOMPSON, Chief Justice.

The primary question for decision in this case is whether appellants are subject to personal jurisdiction in this state under the Georgia Long Arm Statute, OCGA § 9-10-91 et seq.  We answer this question affirmatively and affirm the judgment of the trial court.

Appellants, Holly and Polly Stubblefield, and appellees, Loxley and William Stubblefield, are sisters and brothers.  The sisters are residents of Florida; the brothers live in Mississippi.  Together, the sisters and brothers are officers, directors and shareholders[1] of three closely held corporations, Scarlett & Associates, Inc. ("Scarlett"), Parnell & Associates, Inc. ("Parnell"), and PJ & Associates, Inc. ("PJ").  Scarlett is a Georgia corporation with its registered agent in Forsyth County.  Parnell and PJ are Mississippi corporations with registered agents in Fulton County.

In March and April 2013, the brothers withdrew large sums of money from

_____

[1] Each sibling owns 25% of the shares of each corporation.

one of the corporations without board approval. The brothers notified the sisters of these withdrawals, asserting the sisters were entitled to receive equal amounts. However, the sisters took the position that the withdrawals were unlawful. The sisters notified the brothers that the three corporations would hold board meetings in Biloxi, Mississippi, on May 1, 2013, and that the brothers were required to attend the meetings in person. The brothers did not appear at the meetings, and the sisters voted to remove them from their positions as officers and directors of the three corporations.

The brothers brought suit against the sisters and the corporations in Forsyth County. The complaint[2] sought declaratory relief on the ground that the meetings were invalid and that, therefore, the brothers should be restored to their positions as officers and directors of the corporations. More specifically, the brothers alleged that the sisters wrongfully removed the brothers from their positions with the corporations by failing to honor the brothers' request to attend the board meetings by teleconference. They also alleged that the sisters took steps to freeze the brothers out of the corporations by (1) seizing all funds

---

[2] The initial complaint was filed as a derivative action on behalf of the three family corporations. The trial court determined the derivative claims were invalid. The brothers amended the complaint to assert a direct action against the sisters and the corporations.

(totaling more than $700,000) from the corporate bank accounts in the Wells Fargo Bank in Forsyth County and depositing the funds in bank accounts in Florida; (2) using $47,000 in corporate money to fund their legal defense; (3) terminating the corporations' Forsyth County bookkeeper and accounting firm and retaining a new bookkeeper in Florida; and (4) attempting to seize all original corporate documents from the offices of the bookkeeper in Forsyth County.

The complaint sought injunctive relief and the appointment of a receiver to manage and control the corporations while the parties resolved their differences. The sisters, who were served with process in Florida, raised lack of personal jurisdiction and venue as affirmative defenses.[3] The trial court determined that personal jurisdiction and venue were proper in Forsyth County on the basis of Georgia's Long Arm Statute. As for the merits of the case, the trial court found that the sisters' actions at the May 1 meeting were invalid. Accordingly, the trial court issued an interlocutory injunction, returning the

---

[3] In their answer, the sisters also denied allegations that the two Mississippi corporations are subject to jurisdiction and venue in Forsyth County. However, they admitted the allegation that the third, Georgia, corporation, is subject to jurisdiction and venue. No answers were filed on behalf of the corporations themselves, and they have not appealed.

parties "to the same positions they held prior to the May 1 meeting." Lastly, the trial court appointed a receiver for the three corporations because the siblings were "deadlocked" in their efforts to manage them. The sisters appeal.

1. In pertinent part, our Long Arm Statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (4) Owns, uses, or possesses any real property situated within this state[.]

OCGA § 9-10-91.

Unlike paragraph 3 of our Long Arm Statute, paragraph 1 grants Georgia courts unlimited authority to exercise jurisdiction over a nonresident who

4

transacts *any* business in this state.  Innovative Clinical & Consulting Svcs., LLC

v. First National Bank, 279 Ga. 672, 675 (620 SE2d 352) (2005).  Of course, that

authority cannot extend beyond "'the maximum extent permitted by procedural

due process.'"  Id.

> Due process requires that individuals have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign."  Burger King v. Rudzewicz, 471 U. S. 462 (105 SC 2174, 85 LE2d 528) (1985).  In evaluating whether a defendant could reasonably expect to be haled into court in a particular forum, courts examine defendant's contacts with the state, focusing on whether (1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice.  Straus v. Straus, 260 Ga. 327 (393 SE2d 248) (1990); Smith v. Smith, 254 Ga. 450 (330 SE2d 706) (1985). These three elements do not constitute a due process formula, but are helpful analytical tools which ensure that a defendant is not forced to litigate in a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts.  Burger King, supra at 475.  The first two elements are used to determine whether defendant has established the minimum contacts necessary for the exercise of jurisdiction. If a defendant has established minimum contacts, the court may then evaluate other factors that impact on the reasonableness of asserting jurisdiction, such as the burden on defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering substantive social policies.  Id. at 477.

Beasley v. Beasley, 260 Ga. 419, 421 (396 SE2d 222) (1990).

The sisters assert the brothers' claims are unrelated to the sisters' business activities in this state and, therefore, the trial court's exercise of long arm jurisdiction violates due process. In this regard, the sisters take the position that the brothers' claims stem solely from the board of directors' meetings held in Mississippi. This is a far too narrow reading of the brothers' complaint. The brothers allege that following the directors' meetings in Mississippi and their removal as officers and directors of the three corporations, the sisters took action in Georgia to plunder corporate bank accounts, withdraw monies to defend this lawsuit, terminate the corporations' bookkeeper and accountant, and seize the corporations' documents. Taking an expansive view of the parameters of our jurisdictional reach under OCGA § 9-10-91 (1), as we are bound to do, Hyperdynamics Corp. v. Southridge Capital Management, LLC, 305 Ga. App. 283, 293, n. 20 (699 SE2d 456) (2010), we find the brothers' claims are related directly to the sisters' purposeful acts in Georgia and the sisters reasonably could have expected to be sued in this state.[4] Compare Sol Melia, SA v. Brown, 301

---

[4] Even if it can be said that only one of the sisters undertook these activities in Georgia, or that each sister performed some, but not all of these activities in Georgia, Long

Ga. App. 760, 764 (688 SE2d 675) (2009) (plaintiffs' claim for negligence did not arise out of and was not related to defendant's Georgia contacts). It follows that the trial court's exercise of personal jurisdiction did not contravene traditional notions of "fair play and substantial justice." See International Shoe Co. v. State of Washington, 326 U. S. 310, 316 (66 SCt 154, 90 LE 95) (1945); Shellenberger v. Tanner, 138 Ga. App. 399, 405 (227 SE2d 266) (1976).[5]

2. Venue is proper with respect to the sisters in Forsyth County under OCGA § 9-10-93 because a substantial amount of the sisters' activities which gave rise to the brothers' claims were transacted in Forsyth County. Dickey v. Clipper Petroleum, Inc., 280 Ga. App. 475, 477 (634 SE2d 425) (2006).

3. The sisters assert personal jurisdiction and venue in Forsyth County was

---

Arm jurisdiction would still apply to both sisters under the theory of conspiracy jurisdiction. See Hyperdynamics Corp., supra at 294 (under conspiracy jurisdiction, the acts of one conspirator can be attributed to a nonresident co-conspirator in order to subject the co-conspirator to the jurisdictional reach of our Long Arm Statute).

[5] The record demonstrates that the sisters are heavily involved in leasing and managing the corporations' commercial property interests in Georgia and visit these properties regularly. In view of our ruling, we need not determine whether these other, ongoing, business contacts with Georgia are so continuous and systematic as to allow for the exercise of *general* jurisdiction. See Mitsubishi Motors Corp. v. Colemon, 290 Ga. App. 86, 88-89 (658 SE2d 843) (2008) (even when a cause of action does not stem from a nonresident's activities in a forum, due process is not offended by the exercise of general jurisdiction as long as there are sufficient contacts between the nonresident and the forum).

improper with regard to the two Mississippi corporations and, therefore, the trial court erred in appointing a receiver for them. However, as noted above, the corporations did not answer the brothers' complaint, and they have not appealed. The sisters cannot raise these issues on the corporations' behalf. See <u>Mathews v. Mathews</u>, 136 Ga. App. 833, 838 (5) (222 SE2d 609) (1975) (appellant's attorney had no standing to protect interests of parties whom he did not represent). See also <u>Eckles v. Atlanta Technology Group</u>, 267 Ga. 801, 806 (485 SE2d 22) (1997) (corporation must hire counsel to sue or defend in court).

<u>Judgment affirmed. All of the Justices concur.</u>

Decided February 2, 2015.

Equity. Forsyth Superior Court. Before Judge Dickinson.

Polly Stubblefield, <u>pro se.</u>

Holly Stubblefield, <u>pro se.</u>

<u>Taylor, English Duma, Allen S. Willingham, Thomas F. Wamsley, Jr.,</u> for appellees.