[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13837
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-05234-SDG

LEELAND DAVIS,

Plaintiff-Appellant,

versus

LG CHEM, LTD.,

Defendant-Appellee.

_____

No. 20-13838
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-02653-SDG

ETHAN FULLERTON,

Plaintiff-Appellant,

versus

LG CHEM, LTD.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2021)

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Appellants Leeland Davis and Ethan Fullerton appeal the district court's order dismissing their suits against LG Chem, Ltd. for lack of personal jurisdiction. The issue presented on appeal is whether the district court had specific personal jurisdiction over LG Chem. Upon consideration, we conclude that it did not, and AFFIRM the district court's order dismissing both cases for lack of personal jurisdiction.

**I.**

Davis and Fullerton are both Oklahoma residents. They suffered similar injuries in Oklahoma, though in separate instances occurring several months apart— each was walking with an LG 18650 lithium-ion battery in his pants pocket when the battery exploded, caught fire, and burned his leg. In both cases, Davis and Fullerton were using the LG 18650 battery as a replaceable, rechargeable battery to power an e-cigarette device. The batteries that injured Davis and Fullerton were manufactured and sold by LG Chem, a Korean company with headquarters and

2

principal offices in Seoul, South Korea. But LG Chem does not market the battery as a replaceable, rechargeable e-cigarette battery, and Davis and Fullerton did not purchase their batteries directly from LG. Instead, they purchased them from Oklahoma retailers, who had acquired the batteries from third parties. In both cases, the third party had removed the exterior LG wrapper and re-wrapped the battery in its own wrapper before placing it back into the stream of commerce en route to its final destination in Oklahoma.

Davis and Fullerton originally sued LG Chem in Oklahoma state court. LG Chem moved to dismiss for lack of personal jurisdiction. To support its motion, LG Chem introduced uncontroverted evidence showing that it did not market the LG 18650 battery as a replaceable, rechargeable battery for use in an e-cigarette device, that it never authorized anyone else to do so, and that it never conducted business with the third parties or retailers who handled the batteries that injured Davis and Fullerton. The Oklahoma state court dismissed the claims against LG Chem, finding that both general and specific personal jurisdiction were lacking.

Davis and Fullerton then filed lawsuits against LG Chem in Georgia state court, also naming LG Chem's Atlanta-based subsidiary, LG Chem America, Inc., as a defendant. The claims against Chem America were dismissed as time barred. LG Chem then removed the case to federal district court, availing itself of the court's diversity jurisdiction.

3

Once in federal court, LG Chem moved to dismiss both actions for lack of personal jurisdiction. At a hearing on the motions, the district court clarified with Davis and Fullerton's counsel whether their arguments were about specific jurisdiction or general jurisdiction; they explained that they were arguing only under a theory of specific jurisdiction and not that Georgia courts had general personal jurisdiction over LG Chem. The court issued a written order granting LG Chem's motions to dismiss, holding that Davis and Fullerton had failed to comply with Georgia's long-arm statute because neither had shown that their claims arose out of any business that LG Chem had transacted in the state. Davis and Fullerton appealed.

## II.

Davis and Fullerton raise several arguments on appeal. First, they argue that Georgia's long-arm statute provides for personal jurisdiction over a nonresident corporation transacting any business in the state, regardless of whether those transactions are related to the events giving rise to the controversy. Alternatively, they argue that their claims do in fact arise out of LG Chem's in-state business transactions. Second, if they can satisfy Georgia's long-arm, they argue that constitutional limitations on the exercise of personal jurisdiction over LG Chem derive from the Fifth Amendment rather than the Fourteenth Amendment. Personal jurisdiction over LG Chem should therefore be based on its contact with the United States, rather than the state of Georgia. Davis and Fullerton contend that they have

4

alleged sufficient facts to satisfy this nationwide minimum contacts test. Third and finally, Davis and Fullerton argue that, rather than affirm, the Court should remand for jurisdictional discovery into LG Chem's contacts with Georgia. Upon consideration, we conclude that the district court correctly applied Georgia's long-arm statute and correctly dismissed both cases for lack of personal jurisdiction, so we need not reach the constitutional due process arguments. And because further discovery would not clarify whether Davis and Fullerton's claims arise from LG Chem's contact with Georgia, the district court correctly denied their request for jurisdictional discovery.

We review *de novo* a district court's decision to dismiss a complaint for lack of personal jurisdiction. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015)).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010). This two-step inquiry is necessary because what is allowed under a state's long-arm statute is not always coextensive with what is allowed by

procedural due process. Instead, the long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Id.* at 1259.

Georgia's long-arm statute states that a court "may exercise personal jurisdiction over any nonresident . . . as to a cause of action *arising from* any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state," provided that he "[t]ransacts any business within this state." O.C.G.A. § 9-10-91 (emphasis added). In other words, "Georgia's long-arm statute permits jurisdiction where a plaintiff's cause of action 'arises out of' a nonresident defendant's 'transact[ion] of any business within [Georgia].'" *Diamond Crystal*, 593 F.3d at 1264 (quoting O.C.G.A. § 9–10–91(1)).

"[W]e interpret and apply Georgia's long-arm statute in the same way as would the Georgia Supreme Court." *Id.* at 1258. That court has adopted a rule of "literal construction" of the state's long-arm statute. *Innovative Clinical & Consulting Servs., LLC v. First Nat. Bank of Ames*, 620 S.E.2d 352, 354 (Ga. 2005) (citing *Gust v. Flint*, 356 S.E.2d 513, 514 (Ga. 1987)). Relevant here, the statute requires that, for a Georgia court to exercise personal jurisdiction over a nonresident defendant, the cause of action must be one "arising from" the defendant's contact with the state. Georgia courts have held that to satisfy the long-arm statute's "arising

6

from" requirement, a plaintiff must establish a connection between the defendant's contact with the state and the claims at issue. *See Stubblefield v. Stubblefield*, 769 S.E.2d 78, 82 (Ga. 2015) (holding that Georgia's long arm statute was satisfied where plaintiffs' claims were "related directly" to defendants' purposeful acts in Georgia); *Stanton v. Harris*, 848 S.E.2d 186, 188 (Ga. Ct. App. 2020) ("[T]he Long Arm Statute confers jurisdiction over a nonresident if the cause of action arises from that nonresident's transacting any business within the state."). Thus, Davis and Fullerton were required to show that their cause of action was one "arising from" LG Chem's contacts with Georgia.[1]

Davis and Fullerton have failed to identify any connection between business that LG Chem transacted in Georgia and the events of this case. Plaintiffs are Oklahoma residents, they purchased their LG 18650 batteries in Oklahoma from Oklahoma retailers, and their injuries occurred in Oklahoma. They have not alleged that the batteries that injured them ever passed through Georgia. The sole connection allegedly tying this case to Georgia is LG Chem's Georgia-based subsidiary, Chem America. But Chem America did not sell the batteries at issue here. It is undisputed that the batteries that injured Davis and Fullerton were re-wrapped in another

---

[1] As explained above, Davis and Fullerton expressly asked the district court not to consider whether LG Chem might be subject to general jurisdiction. *Cf. Mitsubishi Motors Corp. v. Coleman*, 658 S.E.2d 843 (Ga. App. 2008). "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997). Accordingly, we do not address that theory of personal jurisdiction.

7

company's branded wrapper and sold to an Oklahoma retailer by third party wholesalers. Accordingly, Davis and Fullerton have failed to show that their cause of action is one "arising from" LG Chem's contacts with Georgia.

Nor would Davis and Fullerton be aided by jurisdictional discovery. A district court's denial of a request for jurisdictional discovery is reviewed for abuse of discretion. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009). Davis and Fullerton request jurisdictional discovery "concerning LG's Georgia business and other contacts." Even if such evidence existed, it would not affect the outcome of this case. The district court's decision was not based on the sufficiency of LG Chem's contact with Georgia, but whether Davis and Fullerton's claims *arise from* those contacts at all. The district court's conclusion that they did not was based on undisputed evidence and Plaintiff's own statements at the hearing held on the motions to dismiss. Accordingly, Davis and Fullerton are not entitled to jurisdictional discovery.

### III.

For these reasons, we conclude that the district court correctly granted LG Chem's motions to dismiss for lack of personal jurisdiction, and correctly denied Davis and Fullerton's request for jurisdictional discovery. **AFFIRMED.**